Stockwell v. Carpenter.

STOCKWELL v. CARPENTER.

1. **Mechanic's lien: PRIORITY ON BUILDINGS.** A person who furnishes, under contract, materials for, and which are used in, the construction of a building upon land, the possession of which is held by the vendee thereof, under a contract of purchase from the vendor, is entitled, under our statute, to a mechanic's lien, for the price of such material, on such building, which shall, as to the building, have preference over the lien of the vendor of the land for his unpaid purchase-money. As to the land, the priority of the vendor's lien is not disturbed by the statute.

2. —— CONTRACT NEED NOT SPECIFY ITEMS. To entitle a person to a mechanic's lien for materials furnished, it is not necessary that every item furnished should have been contemplated or specially named at the time of making the contract.

3. —— WHO DEEMED AN OWNER. For the purpose of enforcing a mechanic's lien, a person in the possession of real estate, under a contract of purchase thereof, will be deemed an "owner or proprietor," within the meaning of sections 1846 and 1866 of the Revision.

*Appeal from Clinton District Court.*

FRIDAY, APRIL 23.

MECHANIC'S LIEN: CONSTRUCTION OF STATUTE, ETC. —— The controversy on this appeal is between the plaintiff and the defendant Dinwoodie. The action is for a mechanic's lien, against Carpenter, the debtor, his wife, and Dinwoodie. There is no controversy about the plaintiff's debt against Carpenter; and Dinwoodie alone appeals. The material facts are the following: In August, 1866, Dinwoodie contracted in writing to sell his farm (the one whereon is situate the shed on which the court established the plaintiff's lien), to Carpenter, for $14,000, on time. Carpenter paid $1,000 down, entered into possession, and afterward failed to make any further payments.

In the October following, and while Carpenter was in possession under his contract of purchase, he contracted with the plaintiff for the lumber for which plaintiff sought to recover in this action. The account for lumber commenced October 12, 1866, and closed May 15, 1867.

In August, 1867, plaintiff filed his lien and account with the clerk of the District Court, pursuant to the statute.

Dinwoodie, at a time not shown by the record, commenced his suit against Carpenter for the purchase-money then due, and, at the March Term, 1868, obtained a decree

for the amount due him, and an order for the sale of the property.

The present plaintiff was not made a party to the foreclosure suit of Dinwoodie. Whether the plaintiff's lien had been filed at the time Dinwoodie commenced his action, does not appear.

Soon after the decree in favor of Dinwoodie, and prior to the commencement of the present action, Dinwoodie, with the consent of Carpenter, entered into the possession of the property. No sale appears to have been made under the Dinwoodie decree.

As, in the opinion of the plaintiff, the debt to Dinwoodie exceeded the value of the farm, the plaintiff, on the trial, only asked to enforce his lien against a certain shed erected on the property by Carpenter out of lumber obtained from plaintiff.

The court instructed the jury as follows:

"1. This is an action to enforce a mechanic's lien. Our law provides that any person who shall furnish any material for any building, erection, or other improvement upon the land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, upon complying with the provisions of the act in relation thereto, shall have, for such material, a lien upon such building, erection, or improvement, and upon the land belonging to such owner or proprietor, on which the same is situated, to secure the payment for such material furnished.

"2. In order to entitle the plaintiff to a mechanic's lien, it is necessary that he should have furnished the articles mentioned, or some of them, under a contract with the owner or proprietor of the building or improvements; but it is not necessary that every item furnished should be contemplated or specially named at the time of making the contract; nor is it necessary that the materials

should all be furnished at one time.   They may be got at different times, and charged as in a running account, and the lien attaches at the time the first article is furnished under a contract.

"3. In this case it is admitted that defendant Thomas H. Carpenter, was in possession of the land at the time he, the plaintiff, agreed to let him have materials; that since the material was furnished, and since the commencement of this suit, the said Carpenter has forfeited his contract for the purchase of the land, and the plaintiff now seeks to establish his lien against the buildings or improvements alone which were erected by Carpenter.

"4. The law provides for liens against the buildings alone in certain cases, and this is one in which he may have such lien.

"5. The only question for you to determine in this case is whether any, and if so, what proportion of the material claimed for by plaintiff was furnished by the plaintiff to the defendant for a building, erection or other improvements on the land in question, under any contract between them.

"6. The plaintiff will be entitled to recover a judgment for the value of all the lumber furnished, but he will be entitled to a lien for only so much as was used in the erection of the shed.

"7. You will therefore, if you find for the plaintiff, find first, the gross amount or value of all the lumber furnished by plaintiff to defendant; and, second, the amount or value of the lumber used in the construction of the shed."

The first and third instructions were not excepted to. To the others, however, exceptions were duly taken.

The jury rendered the following verdict:  ."We, the jury in the above case, find for the plaintiff, and find the value of all the lumber furnished by him to defendant to

be three hundred and thirty-five dollars and fifty-eight cents, and we find that one hundred and eighty dollars and thirty-three cents worth of said lumber was used in the construction of said shed."

The court entered a judgment on this verdict against Carpenter, and establishing as against Dinwoodie and all the defendants the plaintiff's lien to the extent of $180.33 *on the shed, but not on the land.* The court ordered execution first to issue against Carpenter, and if not satisfied, then a special execution to issue for the sale of the shed. The defendant Dinwoodie excepted to this judgment. No motion was made for a new trial, and no exceptions were taken to any action or ruling of the court except to a portion of the instructions and to the judgment which was entered upon the verdict.

Dinwoodie appeals.

*N. Corning* for the appellant.

*A. R. Cotton* for the appellee.

DILLON, CH. J. — The point argued by the appellant 1. MECHANIC'S that the plaintiff was not entitled to a lien LIEN: because he took collateral security, was not, priority: on buildings. so far as shown by the record, made in the court below. Nor does the record show that the appellant there made the objection that the plaintiff had lost his lien because he did not file the same within ninety days from the date of the last item in his account.

Nor can we examine the question whether the evidence was sufficient to establish the contract between the plaintiff and Carpenter respecting the lumber. The jury have found by their verdict that such a contract was made, and there appears to have been no suggestion in the court below that this finding was not sustained by the testimony.

If there was no error in the form of the judgment entered on the verdict, the judgment below must be affirmed.

The appellant contended in the court below, as also in this court, that the plaintiff was not entitled to a lien even upon the shed, which would have priority over the lien of the appellant for his purchase-money.

The District Court held otherwise, and this is really the main question in the case. The exceptions to the instructions properly raise this point and require us to decide it.

Unless the rule is changed by statute the lien of the vendor for his purchase-money would have preference over that of the mechanic or material man.

Has our statute changed this rule? This involves a construction of sections 1846, 1853, 1854 and 1855 of the Revision.

The last section (1855) is as follows:

"The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements, for which they were furnished, or the work was done, in preference to any prior lien, or incumbrance, or mortgage upon the land upon which said building, erections or improvements have been erected or put, and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter."

As to the *land*, the priority of the lien of the vendor is not disturbed by the statute (sections 1853, 1854); but as respects the "buildings, erections and improvements" for which the materials were furnished or work done, the statute is express that the lien of the mechanic shall attach thereto *in preference* to any prior lien on the land; that such lien may be enforced, and the building or other erection sold and removed.

Stockwell v. Carpenter.

We do not concur with the appellant's counsel that section 1855 has sole reference to the case of buildings and improvements made by tenants as specified in the preceding section.

On the supposition that the construction given to the statute by the court below was correct, the appellant's counsel has attacked its justice and its policy.

It is no part of our duty to vindicate it. It is sufficient to remark that, as this statute was in force at the time the appellant sold the land to Carpenter, its constitutionality is undoubted.

We are also of opinion that the court did not err in holding that it was not necessary, in order to entitle the plaintiff to a lien, " that every item furnished should be contemplated or specially named at the time of making the contract."

2. —— contract need not specify items.

And it is also our opinion that Carpenter, being in possession under a subsisting contract of purchase, was an " owner or proprietor" within the meaning of sections 1846 and 1866 of the Revision, and hence could make a contract with the plaintiff such as is therein contemplated.

3. —— who deemed an owner.

The judgment entered by the court on the verdict of the jury is in strict conformity with the section of the Revision (section 1863) relating to that subject.

This disposes of every point legitimately presented by the record.

Some of the prior cases in this court cited by the appellant arose under the former mechanics' lien statute, and the others decide nothing inconsistent with the foregoing opinion.

The judgment below must be

Affirmed.