LUCE & Co. v. CURTIS *et al.*

Mechanic's Lien: FORECLOSURE: PRIOR LIEN: SALE: REDEMPTION: POSSESSION. Where materials are furnished for an independent building on mortgaged premises, the material man has the prior lien on the building, and the mortgagee on the land; and upon the foreclosure of the mechanic's lien the court may, as between the material man and the owner, direct the sale of the building as personal property, *i. e.*, without redemption, giving the mortgagee a reasonable time in which to redeem the building before its removal, and in the meantime awarding the possession of the building to the purchaser, when such possession will not materially interfere with the owner's possession of that portion of the land not occupied by the building. ( See sec. 9, chap. 100, Laws of 1876.)

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

FILED, MAY 13, 1889.

THIS is an action in equity to foreclose a mechanic's lien for certain lumber furnished by the plaintiffs to the defendants for the erection of a livery barn.   There was a decree for the plaintiffs.   Defendants appeal.

*H. H. Roadifer*, for appellants.

*John A. Berry*, for appellees.

ROTHROCK, J.—I.   It is claimed in behalf of appellants that the plaintiffs did not prove that the lumber was furnished upon a contract, as alleged, and that the

evidence showed that the same was furnished by C. F. Luce, and not by the partnership of C. F. Luce & Co. We must decline to enter into a discussion of these questions. The record and evidence show unmistakably that C. F. Luce & Co. sold the lumber to George O. Curtis, to build the barn; that no part of the price thereof has been paid; and that the plaintiffs are entitled to a mechanic's lien therefor. To discuss these questions would be trifling with the administration. of justice.

II. The defendant A. L. Harvey is the holder of a purchase-money mortgage upon the lots upon which the barn is situated, and the court held that his lien was prior and superior to the lien of the plaintiffs upon the lots, and that plaintiffs' claim was the paramount lien on the barn. A special execution was ordered for the sale of the barn, and it was further ordered that, if said Harvey failed to redeem from the sheriff's sale. within one year, the purchaser of the barn might remove the same from the lots within thirty days thereafter. Afterwards the decree was modified as to the manner of sale, by directing that the sheriff's sale, as between the plaintiffs and the defendants Curtis & Curtis, should be the same as the sale of personal property, and that the sheriff should give a bill of sale to the purchaser, and place the purchaser in possession of the same, but that the barn should not be removed from the lots until the expiration of the year in which Harvey was entitled to redeem. Harvey does not complain of the decree. The defendants Curtis & Curtis claim that under the decree they are deprived of the right of redemption provided by law in case of the sale of real estate. It is provided by section 2135 of the Revised Code (sec. 9, ch. 100, Laws of 1876), that "if such material was furnished or labor performed in the erection or construction of an original and independent building, erection or other improvement, commenced since the attaching or execution of such prior lien, encumbrance or mortgage, the court may, in its discretion, order and direct such building, erection or improvement to be separately sold

Luce & Co. v. Curtis.

under execution, and the purchaser may remove the same within such reasonable time as the court may fix.'' It will thus be seen that, as between the holder of the mechanic's lien and the owner of the building, it is treated as personal property. No right of redemption is provided for, as in case of real estate. The sale is absolute, and the removal to be made within a reasonable time. It is only when there is a prior lien upon the land that the court is authorized to order a sale of the building alone. In such case the lien should be established against the land and the building, that the right of redemption may not be defeated. *Early v. Burt*, 68 Iowa, 716.

It is further claimed that the decree is erroneous, in that it authorizes the sheriff to put the purchaser in possession of the barn without removing it, and thus deprives appellants of the possession of the lots during the period of redemption allowed to Harvey. We do not think appellants can complain of this part of the decree. The only interference with the possession of the lot is of that part upon which the building stands. This was probably a concession to Harvey, who is the holder of the prior lien on the lots. As between him and the appellants, the barn was real estate. In view of all the facts of the case, we think that part of the decree which provides for possession by the purchaser is equitable and just. It does not appear that appellants will be prejudiced thereby.

AFFIRMED.