CHARLES NOLANDER *vs.* CHARLES J. BURNS, HENRY C. BELDEN, *et al.*

Argued Oct. 20, 1891. Decided Jan. 6, 1892.

**Vendor's Interest—When Liable for Liens of Mechanics.**—Under the existing mechanic's lien law, (Laws 1889, ch. 200,) it is incumbent upon the lien claimant, in order to establish and enforce a lien for labor performed or materials furnished, as against the title or interest of a vendor of real property who has entered into an executory contract of sale contingent upon or providing for the erection or construction of a building thereupon, and as a condition precedent to his right to recover, to allege in his complaint, and to prove upon trial, if the allegation be controverted, that the contract has been forfeited or surrendered; that is, terminated unconditionally as between the vendor and vendee.

Appeal by defendants Henry C. Belden and Edward D. Brown from a judgment of the district court of Hennepin county, *Smith,* J., entered March 11, 1891.

Appellants owned two contiguous lots in Motor Line addition, Minneapolis, comprising less than one acre of land. On January 18, 1890, they contracted in writing with defendant Charles J. Burns to sell the lots to him, and he agreed to pay $2,600 therefor, and build on the lots three houses, and complete them within four months from that date. He built two of the houses, but never did anything towards building the third. There was no allegation or proof that he had forfeited or surrendered his contract of purchase. The plaintiff, at the request of Burns, furnished work on the buildings to the value of $165, commencing March 7 and ending July 1, 1890. He

made a statement for a lien on the houses and lots, and filed it July 23, 1890, and brought this action to foreclose it. The owners, Belden and Brown, and the purchaser, Burns, and all persons claiming liens, were made defendants.

The action was tried December 17, 1890. Findings were made and judgment was entered March 11, 1891, directing a sale of the houses and lots to pay the liens. Belden and Brown appealed, and assigned as error that the claims of plaintiff and others were adjudged charges upon their interest in the property.

*Gilfillan, Belden & Willard,* for appellants.

Under Laws 1889, ch. 200, § 4, the respondents can effect no lien upon appellants' interest in the land until the contract between them and Burns is surrendered or canceled or forfeited; that, as a condition precedent to their right to maintain an action to foreclose a lien, it must be pleaded and proven that the contract has been forfeited or surrendered. The language of the statute admits of no other reading or construction. *Huff* v. *Winona & St. P. R. Co.,* 11 Minn. 180, (Gil. 114;) *North Star Iron Works Co.* v. *Strong,* 33 Minn. 1; *Newell* v. *People,* 7 N. Y. 1, 98, 99.

The contract between Belden and Brown and Burns was made with this law in effect, and the rights of the parties are to be adjusted under it. *Bardwell* v. *Mann,* 46 Minn. 285.

The decisions in *Hill* v. *Gill,* 40 Minn. 441, and in subsequent cases holding the same doctrine, were made under the law of 1878, and are not in point here. One seeking to enforce such lien must strictly comply with the statutory provisions. *Wagar* v. *Briscoe,* 38 Mich. 587, 592; *Cook* v. *Heald,* 21 Ill. 425.

*A. B. Darelius,* for respondent Nolander *et al.*

Conceding the construction of Laws 1889, ch. 200, § 4, contended for by appellants, to be correct, the finding of the court that the vendee Burns was in default is sufficient, we claim, to give respondents a lien upon their interest.

This was such a default and forfeiture of the contract as would prevent defendant Burns from enforcing specific performance. *Judd* v. *Skidmore,* 33 Minn. 140; *Schumann* v. *Mark,* 35 Minn. 379.

It must be conceded that under 1878 G. S. ch. 90, respondents

would have been entitled to a lien upon the interest of appellants. *Hill* v. *Gill*, 40 Minn. 441; *Laird* v. *Moonan*, 32 Minn. 358.

*Byers & Augir*, for respondent F. W. Cook.

COLLINS, J. The agreement entered into between defendants Brown and Belden as owners of the real property, on which plaintiff claims a lien under the terms of Laws 1889, ch. 200, and defendant Burns, whereby the former sold and agreed to convey to the latter said property, required of Burns the erection and completion of three houses within a given period of time. Prompt performance of the conditions imposed upon the vendee was demanded in express terms, and time was made of the essence of the agreement. Two of the houses were seasonably completed, but the third was not, nor was it commenced. It stands undisputed that, had the plaintiff performed his labor under the old statute, (1878 G. S. ch. 90,) he would have been entitled to the relief demanded in the complaint, under the conclusion reached in *Hill* v. *Gill*, 40 Minn. 441, (42 N. W. Rep. 294,) —a case which has been followed a number of times. But shortly before the opinion in that case was filed the legislature passed a new law upon the subject, (chapter two hundred, [200,] *supra*,) in which there appeared a section wholly unlike any to be found in the various lien laws previously enacted in this state or elsewhere, so far as we have discovered. It is this section which has rendered the *Hill-Gill Case* inapplicable and of no force as an authority here, and has deprived the plaintiff of a statutory remedy which, beyond question, would be his, were it not for its incorporation into the statute of 1889. We refer to section four, (4,) which reads thus: "Sec. 4. Whenever the owner of land has sold the same upon an executory contract of sale contingent upon or providing for the erection, construction, alteration, removal to, or repair upon such land by the vendee thereof, of any house, mill, manufactory, or other building or appurtenance, or of any fixture, wharf, fence, or other structure, if the vendee or his assigns shall forfeit or surrender such contract, then, for the purpose of establishing and enforcing a lien for all labor, skill, material, or machinery performed or furnished by other persons for or to such vendee or his assigns, under contract or subcontract for such erection, construction, alteration, removal, or repair, such vendee [vendor]

shall be deemed the owner of such house, mill, manufactory, or other building or appurtenance, or fixture, wharf, fence, or other structure, and such vendee his contractor, within the meaning of this act. But no such vendor shall be personally liable for any indebtedness so contracted by such vendee." This section contains very plain and unambiguous language. It must be taken as fully and completely expressing the legislative will on the matter, and must be accepted as controlling in all causes where applicable. It covers all actions brought to foreclose mechanics' liens, where the work has been performed or the materials furnished for a person whose only interest in the real property on which the lien is sought is that of a purchaser holding nothing more than an executory contract of sale, contingent or conditioned upon the erection or construction of a building by the vendee, as was the situation in the case at bar. Under such circumstances, if the vendee or his successor in interest shall have forfeited or shall have surrendered the contract, the vendor shall be deemed the owner of the structure, and the vendee his contractor, within the meaning of, and for the purpose of establishing and enforcing a lien under, the statute. With a provision of the act so explicit as this, it must be held that, when an attempt is made to establish a lien as against a vendor of real property who has entered into a contract of the character specified in section four, (4,) it devolves upon the lien claimant, as a condition precedent to his right to recover as against the estate or interest of a vendor, to allege in his complaint, and to prove, if the allegation be controverted, that the contract has either been forfeited or surrendered. By specially providing for a lien where there has been a forfeiture or surrender, and in such cases declaring that the vendor shall be regarded as the owner of the building, and the vendee his contractor, within the meaning of the lien statute, the lawmakers have declared, by implication, but beyond doubt, that until there has been a forfeiture or a surrender of the contract the vendor shall not be held to be the owner of the building which has been placed upon the real property, nor shall the vendee be deemed his contractor under the act. The result of this legislation with respect to executory contracts of sale has been to deprive quite a numerous class of mechanics and mate-

rial men of the benefits of the statute providing for liens for work done and materials furnished, who would have been entitled thereto under the doctrine established in *Hill* v. *Gill.*

The respondent's counsel have not questioned with much earnestness the soundness in some degree of the views above expressed, but have argued that their client is entitled to a lien by virtue of the provisions of section five (5) of chapter two hundred, (200,) which authorizes the enforcement of a lien claim whenever the work has been performed or the materials furnished with the knowledge of the owner of the land, he failing to object in a prescribed manner, and also that the word "forfeit," as used in section four, (4,) shall be construed as meaning "to become by one's own act or omission liable to be deprived of." This definition of the word, should we adopt it, would prove valuable in all cases where default upon the part of the vendee could be established, but would be of no assistance in cases where a default could not be shown by competent evidence. But it is perfectly apparent from the manner in which the words "forfeit" and "surrender" are used, and their juxtaposition in the sentence, that the legislature intended that the right of lien provided for and conferred by section four (4) should only be asserted when the contractual relations between the vendor and vendee have actually ceased to exist. An absolute and unconditional termination of the contract as between the parties thereto, either by proceedings *in invitum* or by operation of law or by mutual consent, is required, for it cannot be said that a contract has either been forfeited or surrendered so long as the right to rely upon or to enforce it remains. The word, used as it is in connection with "surrender," which undoubtedly means "yielded, rendered, or delivered up," must be given its common and general definition, which is "lost, by omission or negligence or misconduct," instead of the restricted meaning contended for, and ordinarily expressed by using the word "forfeitable." In respect to the claim that the plaintiff is entitled to a lien under section five, (5,) we need but to call attention to the concluding sentence of that section, which provides that nothing therein "shall apply to such vendor as is mentioned in section four;" that is, to a vendor who has entered into an executory contract of sale contingent

upon or providing for the erection or construction of a building upon the land. These words, so made a part of section five, (5,) are not only conclusive upon and prevent a claimant from establishing a lien under that section as against such a vendor, but also serve to sustain and confirm the views herein expressed with reference to section four, (4,) and to more clearly demonstrate that it was the design of the legislature to prevent the enforcement of a lien when there was an executory contract of sale of the nature specified, until the estate and interest of the vendee had absolutely and irrevocably merged in that of the vendor.

The case is remanded, with instructions to the court below to modify and amend the judgment decree of date March 11, 1891, so that the several sums adjudged to be specific liens and charges, equal and co-ordinate with each other, shall be liens solely upon such right, title, and interest in the real property therein described, and in the buildings situate thereupon, as was held by defendant Burns on the 18th day of January, 1890, or has since been acquired by him.

(Opinion published 50 N. W. Rep. 1016.)