EDWARD D. BROWN *vs.* TIMOTHY JONES *et al.*

Argued Oct. 21, 1892. Decided March 13, 1893.

Action to Determine Adverse Claims.

Action by plaintiff, vendor of real estate, against the vendee and certain lien claimants, to determine adverse claims.

Mechanics' Liens Attach and Extend to Vendee's Estate as It is Enlarged.

Lien claims which attach to the vendee's interest in real property will extend to the entire estate upon the completion of the contract, and acquisition thereof by him.

Same—Not Lost by Vendee's Default.

*Held*, also, that the equitable rights of the defendants, lienholders, accruing under a building clause in the contract of purchase, could not be destroyed by the subsequent acts or omissions of the purchaser, notwithstanding a forfeiture by him.

**Same Subject.**

The vendee's interest will be treated as still outstanding, for the purpose of enforcing the liens established against it.

**A Sale, not Partition, the Proper Remedy.**

An order for judgment, directing the partition ,and apportionment of the property upon which liens are claimed between the plaintiff, a vendor holding the legal title, and certain lienholders, defendants, according to their respective interests, as found and estimated by the court, upon equitable terms imposed by such order, *held* unauthorized.

**Same—The Practice.**

· Rules of practice to be followed in such cases considered and applied.

Appeal by plaintiff, Edward D. Brown, from an order of the District Court of Hennepin County, *Canty*, J., made April 9, 1892, denying his motion for a new trial.

While the appeal in *Nolander* v. *Burns*, 48 Minn. 13, was pending in this court, Henry C. Belden sold and conveyed to plaintiff his interest in the two lots in Motor Line Addition, Minneapolis, and he commenced this action to determine the adverse claim of Charles J. Burns and the mechanics who did work, and the parties who furnished materials, for constructing the houses thereon. On July 1, 1890, Burns notified plaintiff that he would not be able to complete his contract, and that he abandoned it. Plaintiff then completed the two houses which Burns had commenced. In so doing he expended $2,007.88. He had previously paid at the request of Burns $2,106.86, for work done upon, and materials furnished for, these houses. Burns never paid any part of the $2,600 which he had contracted to pay for the lots. On March 3, 1891, plaintiff took possession of the property. After the decision of *Nolander* v. *Burns*, *supra*, the lien claimants amended their answers, and offered to perform Burns' contract and asked for a conveyance. The erection of the third house mentioned in the contract was waived by plaintiff. This action was tried February 12, 1892. The court decided that the $2,106.86 paid by plaintiff at the request of Burns, was a lien in his favor, co-ordinate with the mechanic's liens. That the lienholders should pay plaintiff the purchase price of the lots $2,600, and interest, and the amount paid by plaintiff to complete the two

houses $2,007.88, and interest, deducting. however $4,000, which plaintiff had raised by two mortgages on the property given after July 1, 1890. This balance was found to be $1,095.29, and was to be paid by all the lienholders, including plaintiff, in proportion to the amount of their liens. Then the property was to be held and owned by all the lien claimants in proportion to the amounts of their several liens, but subject to the two mortgages. If plaintiff did not see fit to contribute, the other holders of liens were required to pay the whole of the $1,095.29, and have a conveyance of the property subject to the two' mortgages. Plaintiff moved for a new trial, and being denied, appealed.

*Gilfillan, Belden & Willard,* for appellant.

No one is entitled to a conveyance unless he is a vendee or the assignee in whole or in part of a vendee's interest. *Willard* v. *Tayloe,* 8 Wall. 557. The interests of the defendants in this property are liens merely. They have no estate in the land. *Wilson* v. *Fairchild,* 45 Minn. 203. They can acquire a title only by a sale under their judgment in the other action. *Reynolds* v. *Fleming,* 43 Minn. 513. Until such a sale is made, the lienholders cannot compel the plaintiff to deed to them. *Merchants' Ins. Co.* v. *Mazange,* 22 Ala. 168. The defendants have only a lien and are entitled to be paid out of the land; but they are not entitled to the land itself. If the land would sell on execution subject to the mortgages for more than the amount due on the liens, the plaintiff or his general creditors are entitled to the excess after the liens are paid. The defendants are not entitled to such excess, yet they get it by this judgment.

Whether or not plaintiff has a strict legal right to be repaid this $2,106.86 is perhaps immaterial. The defendants in this proceeding are not seeking to enforce strict legal rights of their own. They have no such rights. They are here seeking equitable relief, and before they get it, they will as a matter of common justice be compelled to repay the plaintiff his advances. He who seeks equity must do equity. *Bacon* v. *Cottrell,* 13 Minn. 194, (Gil. 183;) *Lewis* v. *Welch,* 47 Minn. 193; *Minneapolis Ind. Expo.* v. *Brown,* 43 Minn. 77; *Reeves*

v. *Kimball,* 40 N. Y. 299; *Creed* v. *Scruggs,* 1 Heisk. 590; *Campbell* v. *Campbell,* 21 Mich. 438; *Phillips* v. *Phillips,* 50 Mo. 603.

*A. B. Darelius, Byers & Augir,* and *Brooks & Hendrix,* for respondents.

This is an action to determine adverse claims, brought by Edward D. Brown against Burns and the lien claimants. The action was commenced during the pendency of the appeal in the former suit of *Nolander* v. *Burns,* 48 Minn. 13, prior to which time Belden had conveyed his interest in the premises to the plaintiff. Each of the respondents by his answer sets forth his lien, the recovery of judgment thereon, and that said contract of sale has not as to him, been canceled, forfeited, surrendered or annulled. Burns, the vendee, has made default, and there is no controversy that as to him the contract has been forfeited. On June 3, 1891, the plaintiff incumbered one of the lots by a mortgage for $2,500, and on January 5, 1891, he incumbered the other lot by a mortgage for $1,500. Both are *bona fide* mortgages, and existing liens for $4,000. At the request of Burns, the plaintiff paid claims for labor and material used in the erection of the two houses, amounting to $2,106.86, and incurred an additional expense of $2,007.88 in completing the two houses. These mortgages were given and both these sums were paid without the knowledge or consent of the lien claimants. The plaintiff has not, as regards the sums so paid by him, taken the statutory steps essential to preserve or perfect a lien claim. But in the exercise of its discretionary power the court below determined that the plaintiff was entitled to be paid the sum of $2,007.88, as well as the $2,600 purchase price agreed upon, with interest. As regards the sum paid at the request of Burns, the court gave to the plaintiff the rights of a lien claimant, co-ordinate with the claims of the defendants. Performance of Burns' contract of purchase is enforced, upon what the court deemed equitable principles. Burns' interest having ceased, the lienholders were held to have succeeded to his rights in the proportions specified.

It is possibly true that, had plaintiff elected to consider this contract forfeited at the expiration of the time fixed by its terms for its

performance, he would thereby have terminated the contract both as regards the vendee and these defendants. But by so doing he would have made Burns his own contractor, and subjected his title to these liens. The statute carefully protects the lien claimant against such a forfeiture.

VANDERBURGH, J. The contract which gives rise to the controversy in this action is the same one which is referred to and construed in *Nolander* v. *Burns*, 48 Minn. 13, (50 N. W. Rep. 1016.) Pending that suit, Belden, one of the plaintiffs therein, transferred his interest in the real estate in question to the plaintiff, Brown, who has brought this action under the statute to determine the adverse claims of the several parties named as defendants. The judgment in the former suit was modified, in conformity with the directions of this court, so as to make it a lien upon the vendee's interest in the land, only; and accordingly judgment was entered therein on the 11th day of March, 1891, establishing the liens of the several defendants who have appeared in this action, and adjudging the several amounts due to each to be a specific lien upon all the right, title, and interest of Charles J. Burns, who is the vendee in the contract referred to, on the 7th day of March, 1890. The contract was dated January 18, 1890, and the owners of the lots therein agreed to be sold (Belden and Brown) covenanted to convey the same to Charles J. Burns on the performance by him of his part of the agreement. The latter agreed to build and complete the three houses on the premises therein described within four months, and to pay $2,600 on or before that time, and the vendors also agreed, on the completion of the houses, to negotiate a loan of $5,850 upon the property. Burns made default, and failed to comply with the terms of the contract, and the contract was declared forfeited, as to him, March 2, 1891, after notice duly served on him; and the plaintiff then resumed possession of the premises.

We may assume from these facts that Burns' interest had not been previously "forfeited or surrendered." The lien claims were duly filed and established before the forfeiture, and were held to be a charge only upon the separate interest of the vendee, for that reason;

but.by section 4 of the lien law of 1889, as construed in our former opinion, if the lien claimants, these defendants, had been permitted to reopen their case, and show that a forfeiture of the contract by the vendee had occurred when the judgment was finally rendered, it would necessarily have been made a lien upon the interest of the vendors, under the section referred to. Since, in either case, the liens must depend upon the contract, the statute practically regulates the procedure, and cannot be construed to mean that liens so created by the authority of vendors shall lapse because of the subsequent forfeiture or surrender of his interest in the contract by the vendee. In all that class of cases in which the vendees finally fulfill their contracts, and there is no forfeiture, there is no difficulty in applying the rule prescribed by this section; for the lien, if not sooner foreclosed, will attach to the entire estate as soon as acquired by the vendee,—*Colman* v. *Goodnow*, 36 Minn. 10, (29 N. W. Rep. 338,)—and his separate interest may, in itself, be ample security.

The equitable rights of these defendants, lienholders, accruing under the building clause in this contract, could not be destroyed by the subsequent acts or omissions of the vendee. And the vendee's interest will be treated as still outstanding, for the purpose of enforcing the lien against it established by the judgment. *King* v. *Smith*, 42 Minn. 286, (44 N. W. Rep. 65.)

2. The next question relates to the procedure for foreclosing the liens in such cases. In this case the court below undertook to ascertain the equities of the vendors and vendee, and then ordered the real estate to be apportioned or partitioned between the plaintiff and answering defendants according to the respective interests so ascertained; and the plaintiff is ordered to make deeds of conveyance to each party who shall pay the proportion assessed upon him of the amount remaining due under the contract. This was error, unless consented to by all parties. But the plaintiff does not consent, and hence the only proper course to pursue was to proceed to forclose the liens, pursuant to the directions of the statute, by a sale of the equitable interest of the vendee. He is, for the purposes of this action, to be deemed the equitable owner, subject to the conditions of the contract, and the adjustment and payment of the amount due the

vendors.   *Townshend* v. *Goodfellow*, 40 Minn. 315, (41 N. W. Rep. 1056.)

Such sale is to be without redemption, and the proceeds should be ratably distributed in proportion to the amount due each of the lien claimants.   Section 13.   As the only condition to be fulfilled is the payment of the amount of plaintiff's claim for purchase money and advances, less the amount realized upon the mortgages, it is proper that the judgment should adjust the balance due plaintiff. The contract required that the vendee should erect three houses, and contemplated the raising by mortgage of the sum of $5,850, which was undoubtedly intended to create a fund to enable the vendee to complete the contract.   But only two houses were built, and the sum of $4,000 raised by mortgage January 5, 1891.   This sum the court allowed the plaintiff on account of the amount due for purchase money, being $2,600 and interest, and advances by him made to complete the houses, amounting to $2,007.88, and interest thereon, about which there is no dispute, leaving a balance still to be paid plaintiff on these claims, and an unsettled claim of $2,106.86 for moneys admitted to have been paid by the vendors to cancel indebtedness incurred by the vendee, in the erection of the building, for work and materials furnished by divers persons, and for which they were severally entitled to liens.   This claim the court found the plaintiff equitably entitled to have placed on the same footing with the claims of the defendants, and to be paid ratably out of the proceeds of the sale.   The defendants do not complain of this disposition of the claim, and we think it is fair and just to the plaintiff. There is no reason for giving it a preference over the claims of the defendants of a like nature.   The sale of the vendee's equitable interest will be a sale of the property subject to the mortgages, and the payment of the balance due plaintiff for purchase money, and the amount expended in completing the building, as above stated; and the proceeds of the sale will be brought into court and distributed ratably on payment of the claims of the defendants, and the plaintiff's claim of $2,106.86, and interest.   Should there be a surplus, the plaintiff will be entitled to it, since, as between him and the vendee, the interest of the latter is merged in the estate of the

former; and the purchaser, upon bringing into court the amount due plaintiff, in addition to the amount of the purchase price paid for the interest bound by the liens, will be entitled to a deed from plaintiff. The proper provisions for the protection of all parties will be inserted in the decree.

There are numerous other errors assigned, which we do not deem necessary to consider, as they can in no way affect the disposition of the case. There is no occasion for a new trial.

The order denying it will therefore be affirmed, and the case will be remanded, with directions to modify the judgment in accordance with this opinion.

(Opinion published 55 N. W. Rep. 54.)