JAMES TOWER, Appellant, v. A. A. MOORE, Appellee, C. M. BUCK and ELIZABETH BUCK.

**Mechanic's Lien:** PRIORITIES: *Independent buildings.* McClain's Code, section 3317, sub-division 4, provides that, where a mechanic's lien has attached for a building erected on mortgaged land, the court may order such building to be separately sold, and the purchaser may remove the same; but that if, in the discretion of the court, the buildings should not be sold, the proceeds of sale of the whole premises shall be ratably distributed between the mortgagee and the holder of the lien, and "that, in case the premises do not sell for more than sufficient to pay off the prior mortgage or other liens, the proceeds shall be applied on the prior mortgage or other liens." *Held*, that the holder of the mechanic's lien on the building has a right to priority on such building, in every case where the court shall find as a fact that such building can be removed without material injury to the security of the earlier lien holder, but where no such finding is made, the land must be sold, and the purchase price applied first in payment of the prior incumbrance.

CONSTRUCTION OF STATUTE. McClain's Code, section 3317, subdivision 4, prescribing the manner in which mortgaged premises on which there is a subsequent mechanic's lien shall be subject to the payment of both liens, is merely a statement in express terms of the law with reference to priority of liens as it existed in judicial interpretation at the time the statute was passed.

*Appeal from Marshall District Court.—*Hon. G. W. Burnham, Judge.

Wednesday, January 19, 1898.

On April 9, 1892, the defendants C. M. and Elizabeth Buck executed to plaintiff a mortgage on certain real estate in Marshalltown, Iowa, to secure an indebtedness due from them. This instrument was duly recorded April 11, 1892. Between May 19, 1894, and July 2 of the same year, the appellee furnished lumber and other materials to the defendants Buck for the erection of a new building on said premises, and on September 7, 1894, appellee filed a mechanic's lien therefor. Another mechanics' lien for labor done on said building by one Mead became the property of appellee by assignment. Neither the amount or the validity of said liens is questioned. On December 23, 1895, plaintiff began an action for the foreclosure of his mortgage, making the Bucks and appellee parties defendant. Appellee filed a cross-bill, asking to have the mechancs' liens established upon the building which was the product of labor and material so furnished, as prior and superior to the mortgage. The court below found in appellee's favor, and although it is shown beyond dispute that the value of the premises, including the improvements, does not exceed the amount of the mortgage indebtedness, a decree was entered establishing the mechanics' liens as preferred claims upon the building, and ordering said structure sold and removed. Plaintiff appeals.— *Affirmed.*

*Meeker & Meeker* for appellant.

*B. F. Cummings* and *Binford & Snelling* for appellee.

WATERMAN, J.—A solution of the controversy here presented involves a construction of subdivision 4 of section 3317 of McClain's Code, which, so far, as material, is as follows: "The liens for the things aforesaid, or the work, including those for additions, repairs and betterments, shall attach to the buildings, erections or improvements for which they were furnished or done, in preference to any prior lien or incumbrance or mortgage upon the land upon which such erection building, or improvement belongs, or is erected or put. If such material was furnished or labor performed in the erection or construction of an original and independent building, erection, or other improvement commenced since the attaching or execution of such prior lien, incumbrance, or mortgage, the court may, in its discretion, order and direct such building, erection, or improvement to be separately sold under execution, and the purchaser may remove the same within such reasonable time as the court may fix. But if, in the discretion of the court such building should not be separately sold, the court shall take an account and ascertain the separate values of the land, and the erection, building, or other improvement, and distribute the proceeds of sale so as to secure to the prior mortgage or other lien, priority upon the land, and to the mechanic's lien, priority upon the building, erection, or other improvement. * * * In case the premises do not sell for more than sufficient to pay off the prior mortgage or other lien, the proceeds shall be applied on the prior mortgage or other liens." It is not claimed that the lower court erred in its finding that the building upon which appellee had his lien could be removed without material injury to the remaining security of appellant, and without seriously lessening the value of such structure. Such findings, we take it, were necessarily involved in the exercise of the court's discretion

in favor of the mechanic's lien holder. But it is broadly claimed by appellant that under no circumstances can the holder of a mechanic's lien be given a preference, as against an independent building, over a prior mortgage of the land, unless the value of the land, with such improvement, exceeds the mortgage debt, and this claim is based upon the closing paragraph of the quoted section. If appellant is correct in his construction of this section, then, although it in terms gives to the holder of a mechanic's lien such preference, yet it denies him the right in all cases where priority could be of any advantage to him. We cannot think the preference here given the mechanic's lien holder is of this barren character. A proper construction of this statute, we think, must give to the holder of a mechanic's lien against an independent building a priority of right in every case where the court shall find as a fact that such building can be removed without material injury to the security of the earlier lienholder; but where no such finding is made, the land must be sold, and the purchase price applied first in payment of the prior incumbrance. This construction, we think, has support in former decisions of this court. We will briefly review some of the cases, and the statutes under which they were decided. Section 1855 of the Revision of 1860 corresponds with the provision in question. It is as follows: "The lien for the things aforesaid, or work, shall attach to the buildings, erections or improvements, for which they were furnished or the work was done, in preference to any prior lien or incumbrance, or mortgage upon the land, upon which said buildings, erections or improvements have been erected or put, and any person enforcing such lien, may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter." With some unimportant verbal changes, this section was re-enacted in the Code of 1873.

With the law in this form, it was held that the lien of the mechanic for repairs or additions to a building would not be preferred to an existing mortgage on the land, but that such priority was limited to cases where the mchanic's lien was held against an independent or original structure, which could be removed. *Getchell v. Allen*, 34 Iowa, 559; *O'Brien v. Pettis*, 42 Iowa, 293. In *Conrad v. Star*, 50 Iowa, 470, it is said: "We are of the opinion that, under the law existing prior to the act of 1876, the only manner of establishing the priority of a mechanic's lien over a pre-existing incumbrance upon the land was by the sale and removal of the building, and that, where the nature of the improvements is such that it cannot be removed, the lien of the mechanic must be postponed to that of the prior incumbrance upon the land." In *Stockwell v. Carpenter*, 27 Iowa, 119, it is held that, in case of an independent structure that could be removed without material detriment to the premises, the liens of the mechanic took precedence of a prior vendor's lien, and a sale of the building was ordered, although the vendor's claim exceeded in amount the value of the premises. Such was the law at the time of the enactment of chapter 100, Laws Sixteenth General Assembly, of which section 3317, McClain's Code, is a part. While this act effected many and radical changes in the then existing law relating to mechanics' liens, a careful reading of subdivision 4 of said section will make it manifest that the general assembly in its adoption intended only to state in express terms in the statute the law as it then existed, as to priority of liens, in judicial interpretation. The cases cited by appellant do not conflict with the construction we give to this statute. *Bartlett v. Bilger*, 92 Iowa, 732, was a case in which the mechanic's lien holder claimed a preference as to the real estate as well as the buildings, and this was disallowed. In *Kiene v. Hodge*, 90 *id.* 212, the lower court failed to find that the

building could be removed, but ordered a sale of the whole premises. *Miller v. Seal,* 71 *id.* 392, holds only that the lower court did not abuse its discretion in refusing to order the sale and removal of the building. In *Curtis v. Broadwell,* 66 *id.* 662, the lower court ordered a sale of the land and buildings to satisfy all liens; and in *Bank .v. Schloth,* 59 *id.* 316, the lien claimed was for an addition to an existing building. On the other hand, we have in *Luce v. Curtis,* 77 *id.* 347, a case in which, under section 3317, this court approved an order for the sale and removal of a building as against a prior mortgage; and while it is true the value of the premises does not appear, we think it would be an exceptional case where the holder of the mechanic's lien would resort to his right to the building alone, if there was a prospect of his realizing something on a sale of the whole premises. The construction here announced is in accord with the words of the statute, and it is not inequitable, for it leaves to the prior mortgagee or lien holder all that he had when his interest attached. For the reasons stated we think the decree of the lower court must be AFFIRMED.