HUNT HARDWARE COMPANY, Appellee, v. PHILIP HERZOFF, Appellant, et al., Appellees.

MECHANICS' LIENS: Statement—When Unnecessary. A mechanics' lien may be enforced against an *owner* of the property, even though no verified statement of the account has been filed. *Otherwise as to incumbrancers.*

MECHANICS' LIENS: Improvements Made by Vendee—Liability of Owner. An owner of land who sells the same under a forfeitable contract for a deed is not personally liable for the price of improvements placed upon the property, nor may his reserved interest in the property be charged with such improvements simply because he had *knowledge of the making* of such improvements. Especially is this true when the materialman had full knowledge of the terms on which the purchaser had bought the property.

MECHANICS' LIENS: Forfeiture of Contract for Deed—Effect. The legal forfeiture by an owner of real property of a contract for a deed cancels the lien of a materialman on the real property for improvements placed thereon by the purchaser; and especially is this true when the materialman knew that the purchaser had purchased the property under a forfeitable contract.

MECHANICS' LIENS: Proceedings to Perfect—"Incumbrancer" Defined. An owner of land who conveys the same under a contract which is subject to forfeiture, and which provides that, in case of forfeiture, the improvements placed upon the land shall belong to him, thereby becomes an *incumbrancer.*

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

OCTOBER 23, 1923.

ACTION to foreclose a mechanics' lien. Decree as prayed. Defendant Philip Herzoff alone appeals.—*Reversed.*

*McCormick & McCormick,* for appellant.

*Hess, Crary & Marshall,* for appellee.

STEVENS, J.—I. It is conceded by all parties that, on or about March 1, 1920, a written contract was entered into by the defendants E. D. Gordon and Philip and Anna Herzoff for the purchase of Lot 9, Block 1, in Sioux City, for a consideration of $10,000, $3,200 to be paid upon the execution of the contract, and the balance in installments. The initial payment was made, as the contract required. In October of the same year, appellee sold a furnace to Gordon, and installed the same in a residence upon the above described lot. $234 of the purchase price of the furnace remains unpaid. The written contract between Gordon and the Herzoffs provided for forfeiture thereof in case of default in the payment of the installments as they came due. The Gordons defaulting in their payments, Herzoff, in February, 1922, caused a 30-day notice of forfeiture, as provided by Section 4299 of the 1913 Supplement to the Code, to be served upon the Gordons. The Gordons failed to make the deferred payments within the 30 days allowed by the statute, and shortly thereafter left the premises. Although appellee alleged in its petition that a verified statement for a mechanics' lien was filed in the office of the clerk of the district court of Woodbury County, no proof was introduced of such filing. The court below caused personal judgment to be entered against all of the defendants, except Anna Herzoff, established a lien upon the building and real property, decreed a foreclosure thereof, and awarded special execution.

One of the grounds urged by appellants for reversal is that the record fails to show that a verified statement of appellee's account was ever filed in the office of the clerk of the district

1. MECHANICS' LIENS: statement: when unnecessary.

court. It appears to be conceded by appellee that there is a complete failure of proof upon this point. We have repeatedly held that the filing of such statement, as between the contractor or materialman and the owner, is not a prerequisite to the foreclosure of a

mechanics' lien. *Hoppes v. Baie,* 105 Iowa 648; *Peatman. v. Centerville L. H. & P. Co.,* 105 Iowa 1; *Ewing & Jewett v. Stockwell,* 106 Iowa 26; *Maryland Cas. Co. v. Des Moines C. E. U.,* 184 Iowa 246; *Cedar Rapids S. & D. Co. v. Heinbaugh,* 183 Iowa 1236. The evidence does not support appellee's claim of an implied contract, nor of an estoppel, if such is claimed.

II.  Appellee alleged in its petition that the sale and installation of the furnace were with the knowledge, consent, and approval of appellant, Philip Herzoff. This is denied in the answer and in the testimony of this appellant.

2. MECHANICS' LIENS: improvements made by vendee: liability of owner.

The most that can be claimed for the evidence on this point is that it tends to show that the Gordons talked with appellant about purchasing a furnace, before they made the contract with appellee. The conversation was as to the necessity of a furnace to heat the house, and as to the condition of the basement for the installation of one. Appellant did not know that a contract had been entered into with appellee for a furnace, nor of the installation thereof, until several weeks after it was completed. The Gordons fully informed appellee, at the time the furnace was purchased, of the terms upon which they had acquired the property from appellant. Mere knowledge by the owner that a purchaser of real property from him under a contract for a deed, to be executed upon the payment of the purchase price, has placed improvements on the property, is not sufficient to create an implied promise upon his part to pay for such improvements, nor to charge his interest therein with a lien. *Young v. Swan,* 100 Iowa 323; *Beh v. Moore,* 124 Iowa 564; *Oregon Lbr. Co. v. Beckleen,* 130 Iowa 42; *Cedar Rapids S. & D. Co. v. Dubuque Realty Co.,* 195 Iowa 679; *Sheppard v. Messenger,* 107 Iowa 717.

III.  The contention of appellee that E. D. Gordon by the contract acquired the equitable title to the property, and that the lien of appellee attached to such interest, may be conceded.

3. MECHANICS' LIENS: forfeiture of contract for deed: effect

He was the owner thereof, within the meaning of Code Section 3096. *Monroe v. West,* 12 Iowa 119; *Stockwell v. Carpenter,* 27 Iowa 119; *Getchell & Martin Lbr. & Mfg. Co. v. Peterson & Sampson,* 124 Iowa 599.

The provision of the contract permitting a forfeiture upon

default in the payment of the installments, and the default of the Gordons in that particular, are admitted. The claim of appellee at this point is that, as the equitable title of the Gordons was charged with a lien, the lien survived the voluntary reconveyance of such interest to appellant, and that the property is charged therewith. Numerous cases are cited which hold that, under such circumstances, a merger of the equitable with the legal title results, and that the lien will be preserved. *King v. Smith,* 42 Minn. 286 (44 N. W. 65); *Boyd v. Blake,* 42 Minn. 1 (43 N. W. 485); *Kerrick v. Ruggles,* 78 Wis. 274 (47 N. W. 437); *Brown v. Jones,* 52 Minn. 484 (55 N. W. 54); *Salzer Lbr. Co. v. Claflin,* 16 N. D. 601 (113 N. W. 1036); *Stritzel Lbr. Co. v. Edwards,* 50 Mont. 49 (144 Pac. 772).

The difficulty with appellee's position upon this point is that the evidence wholly fails to show either an assignment or a voluntary relinquishment or reconveyance by the Gordons to appellant of their equitable title. On the contrary, appellant caused such a notice as is required by Section 4299 of the 1913 Supplement to the Code, for the forfeiture of contracts to convey real property, to be served upon the Gordons; and it is shown that they failed to make payment of the past due installments within 30 days thereafter, and that, on the contrary, they moved out, and abandoned the property. The effect of the forfeiture of the contract by appellant was to completely divest the vendee of any interest therein. The legal title was retained by appellant as security for the unpaid purchase price. The statute relieves him of the necessity of instituting foreclosure proceedings. When the contract was forfeited by giving the statutory notice, the title stood in him, the same as though no contract for a deed had ever been entered into. Necessarily, there was nothing left to which the lien of appellee could thereafter attach.

Perhaps we should not pass this point without some reference to the evidence relied upon by appellee to establish its claim of a voluntary surrender and relinquishment by the Gordons of their interest in the property. There was some conversation between appellant and the Gordons, or someone interested in their welfare, about the assignment of the contract to a relative of theirs, who was able to perform its terms. This was after

the notice of forfeiture was served, or had no reference to the voluntary relinquishment of their interest in the property or to a reconveyance thereof to appellant. The contract was not recorded, and compliance with Section 4300, Code Supplement, 1913, was, perhaps, not required. The point is not involved, and we do not decide it.

IV. Lastly, it is contended by appellee that, under Subdivision 4, Section 3095, Code, a lien exists against the furnace, which is superior to the lien thereon or other claim of the vendor

4. MECHANICS' LIENS: statement: when unnecessary.

of the real estate thereto. No evidence was introduced to prove that the furnace could be removed without material damage to the building, nor is the manner of its construction or installation shown. The original contract of purchase contains a provision for the forfeiture to the vendor, in case of default in the payment of the purchase price, of improvements placed upon the premises by Gordon. It is provided in Paragraph 4 of Section 3095 that:

"The liens for the material or work aforesaid, including those for additions, repairs and betterments, shall attach to the buildings, erections or improvements for which they were furnished or done, in preference to any prior lien, incumbrance or mortgage upon the land upon which such erection, building or improvement belongs, or is erected or put."

We have held under this statute that a mechanics' lien, properly preserved, upon the materials furnished, is prior to the lien of the vendor. This is not, however, true as to the land or improvements thereon at the time of the sale. *Stockwell v. Carpenter*, supra; *Tower v. Moore*, 104 Iowa 345; *Leach v. Minick*, 106 Iowa 437.

We have also held that the lien continued after the time fixed by Section 3092 of the Code for filing a statement in the office of the clerk of the district court, except as against a purchaser or incumbrancer in good faith, without notice. *Maryland Cas. Co. v. Des Moines C. E. U.*, supra. It is also the settled law of this state that the priority of mechanics' liens may be established in equity, although not filed within the time fixed by the statute. The cases in which this question has arisen did not involve the right of the owner to be discharged upon payment of the contract price for labor performed or material fur-

nished, but only issues between creditors who claimed priority in the application of the balance due the principal contractor were involved. *Lindsay & Phelps Co. v. Zoeckler*, 128 Iowa 558; *Maryland Cas. Co. v. Des Moines C. E. U.*, supra. In such case, the owner stands indifferent. As already stated, no statement for a mechanics' lien was filed or notice given thereof by appellee to appellant. Under his contract with Gordon, appellant had a lien upon the furnace, but same was inferior to the lien of appellee. This being true, the mechanics' lien was not discharged by the forfeiture of the contract, unless the failure of appellee to file the lien and serve notice operated to produce that result. The statute is plain that a mechanics' lien cannot be enforced against a purchaser or incumbrancer in good faith, unless a verified statement of the account has been filed in the office of the clerk of the district court within the time fixed by the statute, and notice given. Appellant's claim upon the furnace was that of an incumbrancer. He was the holder of a lien, and, under the terms of the contract, became the owner of the furnace upon the forfeiture of the contract. He was not, for the purposes of this case, the ''owner,'' within the meaning of Section 3096. The failure of appellee to file a statement for a mechanics' lien and to give notice to appellant is fatal to its claim, and precludes the establishment and foreclosure of a mechanics' lien upon the furnace in its favor. It cannot be said that appellant is not an incumbrancer in good faith. He was diligent, and made provision in the contract with Gordon for a special claim or lien upon improvements made upon the premises by him, as further security for the unpaid purchase price. The testimony on behalf of appellee shows that Hunt made careful inquiry, and was fully informed as to the terms of the contract, before the furnace was sold.

5. MECHANICS' LIENS: proceedings to perfect: "incumbrancer" defined.

It follows that the decree in the court below must be, and it is, accordingly,—*Reversed.*

PRESTON, C. J., WEAVER and DE GRAFF, JJ., concur.