HOLSTEIN LUMBER COMPANY, Appellee, v. LOUIS HANSEN et al., Appellees; H. O. HESS et al., Appellants.

MECHANICS' LIENS: Right to Lien—Reconveyance by Bond-For-Deed Purchaser—Effect. A mechanics' lien against the interest of a purchaser under a contract for a deed is not extinguished by a reconveyance of the land to the vendor, accompanied by the promise of the latter to pay the amount of the mechanic's claim.

*Appeal from Ida District Court.*—M. E. HUTCHISON, Judge.

DECEMBER 11, 1924.

ACTION in equity, to foreclose a mechanics' lien. Decree as prayed. The defendants H. O. and Mamie Hess appeal.—*Affirmed.*

*Griffin, Griffin & Griffin,* for appellants.

*Besore & Snell Bros.,* for appellee Holstein Lumber Co.

*Clark & Clark,* for appellees Louis and Jessie Hansen.

STEVENS, J.—This is an action in equity, to foreclose a mechanics' lien upon a farm in Ida County, Iowa, for material purchased from appellee by Louis Hansen, between April 20, 1920, and February 26, 1921. At the time of the purchase of the material, Louis Hansen was in possession of the farm, under a contract for a deed from appellants, H. O. and Mamie Hess. The statement for a mechanics' lien was filed February 26, 1921. Failing to make the payments required by the contract, Hansen and wife, on February 6, 1922, executed a quitclaim deed, reconveying the farm to Hess.

It is alleged in the petition that appellants knew of the purchase of the materials and the improvements erected on the farm, prior to the execution of the quitclaim deed; that a mechanics' lien had been filed; and that appellants, as a consideration for the execution of the deed, orally agreed to pay for the material. At the time the contract for a deed was executed, there was a mortgage on the premises in favor of the Equitable Life Insurance Company, to secure an indebtedness of $12,000. There is no controversy as to the amount due appellee. The answer denied the allegations of the petition, and set up the cancellation of the contract of purchase, and that the quitclaim deed was executed for that purpose.

While there is some conflict in the evidence as to the alleged oral agreement, we have no hesitancy in accepting the contention of appellee that the arrangement between appellant and Hansen was as claimed by the latter. This is conclusively shown by the fact that appellant entered into negotiations with appellee for the settlement of the indebtedness. The negotiations failed only because appellee was unwilling to accept appellant's note for one half of the amount. Appellee does not seek, however, to recover upon the oral contract, but asks only the establishment and foreclosure of the mechanics' lien. Some contention is made by appellant that the oral contract was without consideration; and a mere naked promise to answer for the debt or default of another, and, therefore, within the statute of frauds, and void. As the action is not bottomed upon the alleged oral contract, we need not determine whether it was an independent agreement for a consideration, or a mere naked oral promise to pay the debt of another, and, therefore, within the

prohibitions of the statute of frauds. Whether it amounted to a valid and binding contract or not, the evidence on this point is material, and has an important bearing upon the intention of the parties. That one in possession of real estate under a bond for a deed is owner, within the meaning of Section 3089 of the Code of 1897, is settled by numerous decisions of this court. Therefore, the mechanics' lien in question attached to the interest of Hansen in the land, as well as to the materials furnished. The only question is: Was the lien extinguished by the reconveyance of the equitable title by quitclaim deed of Hansen and wife to appellant, for the purpose of mutually rescinding the contract, because of the inability of Hansen to pay the purchase price? There can be no doubt but that appellant retained the legal title as security for the unpaid purchase price, or that the lien thereof was paramount to the mechanics' lien. If, instead of a reconveyance of the equitable title, appellants had foreclosed the contract in equity, appellee would have been entitled only to receive payment out of the surplus, if any, remaining after a full settlement of appellants' claim. It seems to us, however, that the acceptance of a quitclaim deed, which operated, as a matter of law, to rescind and cancel the contract, with full knowledge of the mechanics' lien, coupled with an oral promise and agreement that he would pay the debt, did not have the effect to extinguish the mechanics' lien. The payment of the indebtedness in question was a part of the consideration for the conveyance. The intention of the parties, as evidenced by the transaction, clearly was to preserve the lien for the benefit of Hansen. Both so understood it; and appellants attempted, in apparent good faith, to carry out the agreement by offering to pay appellee one half of the amount due in cash, and to execute a note for the balance. Whether the reconveyance of the equitable title by a purchaser under a contract for a deed to his vendor, with notice to the latter that it has become subject to a mechanics' lien for material purchased by the vendee, without other equitable circumstances, would defeat the lien, we need not determine. This question was given some consideration in *Hunt Hdw. Co. v. Herzoff*, 196 Iowa 715, but was not decided. The intention of the parties to the contract of purchase, at the time the deed was executed, to preserve

the lien is clear and manifest, and we know of no reason why a court of equity should refuse to give effect thereto. Any other holding would be grossly inequitable, and would enable appellant to perpetrate a fraud upon the debtor. We are of the opinion that the decree of the court below, establishing and foreclosing the mechanics' lien upon the land, is right, and should be and is—*Affirmed.*

ARTHUR, C. J., and EVANS and VERMILION, JJ., concur.