## MILLER v. HOLLINGSWORTH.

**Husband and wife:** LIABILITY OF WIFE'S PROPERTY FOR MATERIALS FURNISHED. Where a husband purchases lumber with which to make improvements on the land of his wife, and it is, with her acquiescence, so used in the enhancement of her separate estate, and with full knowledge on her part that it is unpaid for, and of all the facts, the seller will be entitled to an equitable lien on such property for the value of the material so furnished.

*Appeal from Jasper District Court.*

FRIDAY, JANUARY 25.

ON the 4th day of March, 1872, the plaintiff filed his petition as follows: "Your petitioner states that in the year 1868, de-

fendant was the owner of the north-west quarter of the south-west quarter of section one, township eighty-one, range twenty west. That in May of said year, Frederick Hollingsworth, who was at the time the husband of defendant, purchased of petitioner five thousand feet of lumber with which to erect a dwelling-house for the family of defendant. That the price orally agreed on between the said Frederick and petitioner as the value of said lumber was $163, which petitioner alleges was the fair and reasonable value of said lumber as furnished. That said lumber was so furnished and used for the purpose aforesaid upon the real property above described with the full knowledge and acquiescence of defendant. That the real property aforesaid was increased in value in the manner aforesaid to the amount of $163; that the said increase in value has inured to the benefit of the defendant, and for which defendant ought to pay. That said defendant is still the owner of said real property, and in the enjoyment of said increased value, but though requested, has failed and refused to pay. Wherefore, plaintiff asks that his claim be established as an equitable lien upon said real estate, and for costs, etc.

The defendant demurred to the petition because it does not state facts sufficient to constitute a cause of action. The court sustained the demurrer. The plaintiff appeals.

*Clark & Ryan* for the appellant, cited *Greenough* v. *Wigginton*, 2 G. Greene, 435; *Patton* v. *Kinsman*, 17 Iowa, 428; *Jones* v. *Crosthwaite*, id. 393; *Johnson County* v. *Rugg*, 18 id. 137; *McLaren* v. *Hall*, 26 id. 297; *Miller* v. *Hollingsworth*, 33 Iowa, 224; *Yale* v. *Dederer*, 22 N. Y. 460; *Gardner* v. *Gardner*, 22 Wend. 526; *Colvin* v. *Currier*, 22 Barb. 371; *North Am. Coal Co.* v. *Dyatt*, 7 Paige's Ch. 9; *Owen* v. *Coroley*, 26 N. Y. 600; *Mattice* v. *Lillie*, 24 How. Pr. 264.

*Howe & Campbell* for the appellee.

COLE, J. — Giving to the averments of the petition, and especially the averment that the lumber was furnished and

used in the improvement of the defendant's real property *" with the full knowledge and acquiescence* of the defendant," a liberal construction, we hold that the demurrer should have been overruled. Full knowledge and acquiescence under such an interpretation would imply that the defendant knew the lumber was purchased by the husband without being paid for by him; that while it was so unpaid for, it was being used in the improvement of her real estate to the enhancement of its value, and that she acquiesced in such use with such full knowledge of those facts. It should also appear that it was not, in fact, sold to the husband in reliance upon his credit alone. In view of such facts and knowledge the defendant, upon the plainest principles of equity, ought to pay. That an adult male or *feme sole* would be bound to pay, under such circumstances, is not questioned. A wife being the owner of separate property, under the liberal provisions of our statute, is equally bound by the same principles, provided it appears that she has full knowledge of all the facts, and fully acquiesces in them, and in the appropriation of the property of another to the permanent enhancement of the value of her separate estate. Of course, her want of acquiescence might be manifested by fewer facts or slighter circumstances than would be required from an adult male owner. In other words, a court of equity will see to it, that while the wife in her condition of almost complete property enfranchisement, under our statutes, shall not, under color of a common-law technical rule, appropriate the property of another to her own use without compensation for it, yet it will also see to it that an improvident husband shall not incumber her estate without her knowledge, nor an imperious one incumber it without her full acquiescence. Thus guarded and administered, the rule, as here applied, will prevent the wife, under her greatly enlarged property rights, from perpetuating a legal fraud upon others, while it will also protect her from being the victim of such fraud. This precise point has never been directly decided by this court, but it has several times been referred to. See the following cases and the cases referred to therein. *Greenough* v. *Wiggington and*

*wife*, 2 G. Greene, 435; *Patton and wife* v. *Kinsman*, 17 Iowa, 428; *Jones* v. *Crosthwaite*, id. 393, and *McLaren* v. *Hall and wife*, 26 id. 297. See, also, *Miller* v. *Hollingsworth*, 33 id. 224, which was an action to enforce a mechanics' or material man's lien for this same claim.

Reversed.