PRICE & HORNBY v. SEYDEL ET AL.

1. **Mechanic's Lien:** HUSBAND AND WIFE: AGENCY. Where the husband purchased lumber and erected a house upon land owned by his wife, who did not authorize the purchase of the lumber or know that it was bought on credit, but supposed it was paid for by her husband, *held*, that the agency of the husband could not be inferred from the marital relation alone, and that the lien could not be enforced against the land.

*Appeal from Guthrie Circuit Court.*

THURSDAY, OCTOBER 18.

THIS is an action to enforce a mechanic's lien against lot No. ten, block No. three, in Stuart, for the balance of a bill of lumber sold to the defendant, H. B. Seydel, and used in the erection of a building on said lot. An amendment to the petition alleges that the bill of the lumber was filed for record in the office of the clerk of the Circuit Court, and duly entered as a mechanic's lien upon the lot described in the petition, on

the 14th day of February, 1876, and that the same is now lost. The defendant, H. B. Seydel, answered specifically denying that any lien was filed.

Emma A. Seydel filed a petition of intervention alleging that she is, and since the 16th day of October, 1875, has been, the unqualified owner of said lot, and that she never by herself, nor by any one authorized by her, purchased of the plaintiffs the lumber for which recovery is sought in this action. The court rendered judgment for $106.83, and established a lien against the lot in question. The defendant and the intervenor appeal. The facts are stated in the opinion.

*Charles S. Fogg*, for appellants.

*J. L. Tait* and *J. B. Carpenter*, for appellees.

DAY, CH. J.—The defendant, Emily Seydel, is the same person as the intervenor, the wife of H. B. Seydel, her name being incorrectly set forth in the petition. From July 31st to August 21st, 1875, plaintiffs sold to the defendant, H. B. Seydel, a bill of lumber amounting to $277.49. On the 28th of April, 1876, H. B. Seydel executed his note for $140, the balance due on account. Afterward he paid on this note $40.33. On the 16th day of October, 1875, Emma A. Seydel purchased the lot in controversy, with her own means, from Charles Stuart; and on the 6th day of November, 1876, she obtained a deed therefor. The lumber in question was used in the erection of a building on this lot, which the defendants have since occupied as their homestead. At the time H. B. Seydel purchased the lumber, nothing was said as to the ownership of the lot, nor as to for whom he was acting. Plaintiffs supposed he was acting for himself. H. B. Seydel had no express authority from his wife to purchase the lumber. She did not know that the lumber was being purchased on credit, but she did know that the lumber was being purchased, and used in the erection of a house on said lot.

I. This action is simply for the enforcement of a mechanic's lien, which must be prosecuted by equitable proceedings under section 2510 of the Code. Relief is not sought because of the special equities of the case, as was done in *Miller v.*

*Hollingsworth*, 36 Iowa, 163. The action is brought upon the statute authorizing mechanics' liens; and by this statute it must be governed. The contract for the lumber was made by H. B. Seydel, in his own name, without any authority from his wife, Emma, to act as her agent, and without any knowledge on her part that he was buying the lumber on credit. These facts bring the case fully within *Miller v. Hollingsworth*, 33 Iowa, 225. In that case it is said: "The right to the establishment of a mechanic's lien grows out of the fact of material furnished or labor performed under or by virtue of a contract with the owner or proprietor, or his agent. If there has been no contract with the owner of the land no lien can attach by virtue of the labor done, or the materials furnished in the erection of a house upon it." Code, section 2130; Revision, section 1846; *Redman v. Williamson*, 2 Iowa, 488. In the case of *Miller v. Hollingsworth* it is further said: "His (the husband's) agency cannot be inferred from the marital relation alone. Some previous appointment, or general holding out to the public as agent, or subsequent adoption or ratification of his acts is essential in order to hold the wife bound thereby." See *McLaren v. Hall*, 26 Iowa, 297. In this case there was no previous appointment, no general holding out to the public, of the husband, as agent, and no subsequent adoption or ratification of his acts, for the evidence shows the intervenor did not know the lumber was purchased on credit. There is, therefore, no authority for the establishment of the statutory mechanic's lien against the lot in question.

II. The petition alleges that the lien was duly filed in the office of the clerk of the Circuit Court. The Code, Sec. 2137, provides that the lien shall be filed in the office of the clerk of the District Court. We need not determine whether such a departure from the provisions of the statute would be material, in view of the fact that the same person is clerk of both courts. The answer denies that any lien was filed. There is no evidence .that a lien was filed. This alone is fatal to plaintiff's claim for a lien. In so. far as the judgment establishes a lien against the property in question, it is

REVERSED.