## NELSON v. COVER.

1. **Mechanic's Lien:** PROPERTY OF WIFE. A lien of a sub-contractor will not be established upon the property of the wife, for materials furnished to the husband for the erection of a building thereon, where it is not shown that the wife was notified of the intention to furnish the materials, or a settlement made with the contractor and given to the defendant, her agent or trustee.

*Appeal from Des Moines District Court.*

THURSDAY, DECEMBER 6.

THE plaintiff's petition is in these words: "1. On or about the month of June, 1874, and subsequent thereto, one A. F. Lundin was employed to construct and build upon lots 19 and 20 of block 39 in Barrett's Addition to Burlington, Iowa, a

stone cellar and foundation wall for a frame dwelling house upon said lots.

"2. That the said lots belong to the defendant, Ann Cover, as he has subsequently learned. He says at the time of the construction of said cellar and foundation wall he furnished the stone for said work, and that subsequently he filed against said lots a sub-contractor's lien, and against J. C. Cover as the owner thereof. He says that he instituted proceedings to foreclose said lien at the January term of this court, in 1875, and upon the hearing of said cause he obtained a judgment against the said J. C. Cover for the sum of fifty-one dollars and thirty cents, but the court found that the said property, as above described, belonged to Ann Cover, the defendant herein, and determined that the plaintiff was not entitled to a mechanic's lien against said property, under a proceeding against J. C. Cover, husband of defendant.

"3. Plaintiff says that the said Ann Cover is still the owner of said property, and asks that his judgment be. made an equitable lien thereon. He says that at the time he furnished said material the said Ann Cover was, and still is, residing upon and occupying said property as her homestead; and that her husband, J. C. Cover, was directing and superintending the work upon said premises, and that the said Ann was there present, and had full knowledge of the material, labor, etc., which this plaintiff was furnishing and expending upon said premises, and that said material was furnished and used upon the defendant's property with her full knowledge, consent and acquiescence in the same, and for the purpose of erecting a dwelling house for her, and that the said work was accepted by her, and she has since, and still does enjoy the benefits and use of said material, and resides in the house in which the same was used; and that the same has enhanced the value and convenience of her property as a homestead.

"4. Plaintiff further says that the said J. C. Cover is insolvent, and was at the time said material was furnished, and he has never been able to realize anything upon said debt against him.

He therefore prays that his lien may be established upon

said premises above described, as a special lien for the said sum of fifty-one dollars and thirty cents, and that he may have judgment for interest, and costs of this proceeding, which shall also be a lien upon said premises, with such other and further relief as he may in equity be entitled to receive."

To the petition. the defendant demurred, upon the ground that "the . petition does not contain allegations sufficient to entitle the plaintiff to the relief demanded."

The court sustained the demurrer. Judgment for defendant. Plaintiff appeals.

*Trulock & Illick,* for appellant.

*Blake & Hammack,* for appellee.

ADAMS, J.  The plaintiff seeks to establish an equitable lien upon the premises in question, and relies upon *Miller v. Hol-*

1. MECHANIC'S *lingsworth,* 36 Iowa, 163.  In that case an equit-
lien: property
of wife.  able lien was allowed to a mechanic as against the property of a married woman, where a mechanic's lien had been previously denied.  The contract was made with the husband, but the labor and materials were furnished with the wife's "full knowledge and acquiescence," and this was made substantially the ground upon which the court established the lien as prayed.

But that case differs materially from the case at bar.  The plaintiff is a sub-contractor.  His contract, whatever it was, was not with the defendant.  He could have no lien, therefore, independent of statute.  Without determining whether, if, he had taken the steps pointed out by statute to establish a lien, a court of equity could supplement the statute and afford him the relief which he asks, it is sufficient to say that the requisite steps do not appear to have been taken.  No notice appears to have been given to the defendant of the plaintiff's intention to furnish the materials, and no settlement in writing appears to have been made with the contractor, and given to the defendant, her agent or trustee.  The defendant would have been justified in settling with the contractor, and may have done so in fact.  So .there may be nothing due from the contractor

to the plaintiff. The judgment against the defendant's husband is set-out in the petition as if she was concluded thereby, but such cannot be its effect.

We think that the demurrer to the petition was properly sustained. The judgment of the court below is, therefore,

AFFIRMED.