GETTY & BORN v. TRAMEL ET AL.

1. **Mechanic's Lien on Wife's Property:** LUMBER BOUGHT BY HUSBAND ON HIS CREDIT AGAINST HER WILL. Where a husband, against his wife's protest, purchased lumber on his own credit, and used it to build an addition to a barn on the wife's land, *held* that a mechanic's lien did not attach to the land, nor to the improvement made with the lumber, for the price thereof.

*Appeal from Jasper Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION to recover for lumber sold to the defendant Joseph M. Tramel, and to enforce a mechanic's lien against the property of the defendant Cynthia E. Tramel. The court rendered judgment against Joseph M. Tramel, but denied the plaintiffs a lien. They appeal.

*Cragan Bros.* and *Cook & Clements*, for appellants.

*Winslow & Varnum*, for appellees.

ADAMS, J.—The lumber was furnished for an addition to a barn upon a farm belonging to the defendant Cynthia E. Tramel. It was bought by her husband, the defendant Joseph M. Tramel, in his own name, and he gave his note for the same. He did not claim to act as his wife's agent, nor does there appear to have been any supposition on the part of the plaintiffs that the defendant Cynthia owned the land upon which the lumber was to be used. She, though confined to her house by sickness, had some knowledge that the lumber was being hauled, and used in the erection of an addition to the barn, but disapproved of it, and so expressed herself to her husband, believing that their circumstances were not such as to justify the improvement. We know of no rule by which a wife's premises can be charged with a lien for improvements erected thereon by an improvident hus-

band against her protest. Possibly, if the lumber had been bought in her name, and she knew it, or had reason to suspect it, she should have expressly notified the plaintiffs that she repudiated the assumed agency. But it was not bought in her name. The husband bought it ostensibly for himself, as he had a right to do. The plaintiffs extended credit to him alone, and took his note, as was their right, whatever he might wish to do with the lumber, and we think their remedy must be confined to a personal judgment against him, as the court held.

It is claimed that they ought to have a lien at least against the addition, and have a right to go upon the premises and detach and remove it, but it appears to us otherwise. The lien could attach only upon the husband's interest. But the moment the improvement was made it became an integral part of the entire structure, the title to which was in the wife. He had seen fit to make it for her benefit, and the lumber which he had owned as a chattel he had transferred to her by the act by which he made it a part of her realty.

The plaintiffs rely upon *Conrad v. Starr*, 50 Iowa, 481, and *Clark v. Parker*, 58 Iowa, 509, but in our opinion the cases are not applicable.

The judgment of the circuit court must be

AFFIRMED.