HOAG & GRIFFITH v. A. J. HAY AND RUTH HAY, Appellants.

**Mechanic's Lien:** CONTRACT FOR OWNER.  A son who is farming his father's land, and with his father using the proceeds as he sees fit, had no interest in the land; and no lien attaches to the land for lumber furnished for improvements thereon under a contract with the son in his own name, and for the purchase price of which he executed his individual notes.

JUDGMENT AGAINST MAKER OF CONTRACT.  One who contracted for material used in the construction of a building on another's property is not liable to a personal judgment in a suit in which it is sought unsuccessfully to charge the property with a mechanic's lien, where the plaintiff's have not surrendered, and do not offer to surrender, the notes made by him, which cover the claim.

**Limitations of Actions:** OPEN ACCOUNT.  Settling the amount due upon an open running account and giving a note for such amount interrupts the continuity of the account for the purposes of the rule that the statute of limitations does not commence to run against an open running account until the last item is furnished.

SAME.  The doctrine that the statute of limitation does not commence to run against an open running account until the last item is furnished does not apply to a cause of action for lumber, furnished under separate contracts.

*Appeal from Franklin District Court.*—HON.  S.  M. WEAVER, Judge.

MONDAY, OCTOBER 18, 1897.

SUIT in equity to establish and foreclose a mechanic's lien. The defenses are that the action is barred by the statute of limitations, waiver of the right to a lien by acceptance of the notes of A. J. Hay, and that defendants were not the owners of the real estate, and could not charge it with a lien for material furnished. The trial court established the lien, and the defendants appeal.—*Reversed.*

*Taylor & Evans* for appellants.

*F. M. Williams* for appellees.

DEEMER, J. — During the years 1891, 1892, and 1893, the defendant A. J. Hay was living upon his father's farm, in Franklin county, using the machinery and personal property upon the place. His father was living with him, and using such of the proceeds of the farm as he saw fit. This defendant also owned a farm in the same county. In the year 1891 A. J. Hay made a contract with the appellees, who are lumbermen, for the purchase of certain building material to be used in the erection of an addition to a house upon the father's land, and to build a hog lot, either upon his own land, or upon the land of his father. Pursuant to this contract, appellees delivered to A. J. Hay during the year 1891 lumber and material to the amount of one hundred and forty-seven dollars and sixty-four cents. Part of this lumber was used on the farm belonging to Hay, and part on the land belonging to his father. In February of the year 1892, Hay executed his notes to appellees for the sums of twenty-seven dollars and thirty-six cents and thirteen dollars and forty-six cents, respectively. These notes represent the amount of lumber and material purchased during the year 1891, together with some other charges for coal. The notes were dated January 1, 1892. The

smaller one, which included articles from March 19 to and including August 14, was for lumber used in building the addition to the house, and this note was afterwards paid in full. The remainder of the account was for lumber used in building corn cribs and erecting fences on the land of both A. J. Hay and his father. In 1892 A. J. Hay purchased more lumber from appellees for the purpose of building some "shanties" upon his father's land, and erecting some additional fences upon his own land. The lumber purchased during the year 1892, the last item of which was furnished October 19, amounted to forty-six dollars and one cent. May 26, 1893, A. J. Hay executed to appellees a note for eighty-one dollars and fifty-three cents, representing the amount of the lumber bill purchased during the year 1892, as well as some other items for coal. July 6, 1893, Hay purchased some more lumber, amounting to the sum of three dollars and twenty-nine cents for the purpose of making a hay rake and building a watering trough. This last item Hay paid January 16, 1894. G. N. Hay, the father, died testate on the sixth day of May, 1894. He devised his real estate to his daughter Hay, one of the appellants herein. This suit is to establish and foreclose a mechanic's lien upon the property formerly owned by G. N. Hay. The trial court established the lien, and gave personal judgment against A. J. Hay for the sum of one hundred and fifty-eight dollars and thirty-nine cents, and it is from this judgment and decree that the appeal is made.

The statute provides that every person who furnishes any material for any building or improvement upon the land by virtue of any contract with the owner, his agent or trustee, shall have a lien for such material upon the land of such owner, to secure the payment of the materials furnished, upon complying with certain requirements of the law as to the filing of a statement

with the clerk of the district court. This statement must be filed within ninety days from the date on which the last of the material shall have been furnished. The statutes also provide that every person for whose immediate use or benefit the building or improvements are made shall be included in the word "owner." In the cases of *Getty v. Tramel*, 67 Iowa, 288, and *Wilkins v. Litchfield*, 69 Iowa, 465, we held, in substance, that the statute gives no lien upon any interest, except by virtue of a contract between the material man and the owner of that interest. A. J. Hay had no interest in the land. He was but a bare licensee, and had no authority, either express or implied, to bind his father for the purchase price of any of the material. He made the contract for the lumber in his own name, executed his individual notes therefor, and there is no evidence that the plaintiffs relied upon the land owned by the father as security for their claim. In this respect, the case is much like *Getty v. Tramel*, *supra*, wherein we held that the remedy in such cases must be confined to personal judgment against the purchaser. That case also answers appellee's claim that they are entitled to a lien against the improvements. The moment the improvement was made, it became an integral part of the entire structure, the title to which was in the elder Hay. If the evidence established the fact that A. J. Hay had such an interest in his father's land as that the improvements were made for his (appellant's) immediate use or benefit, it may be that a lien should be established against the improvements, and a decree rendered by which such lien might be enforced. But there is no such showing, and in no event would appellees, under the facts disclosed by this record, be entitled to a lien upon the land. The improvements were not made for the immediate use or benefit of A. J. Hay. The evidence is that he was farming the

land, and his "father was getting his living, and using the proceeds of the farm as he saw fit."

There is another insuperable objection to the greater part of plaintiff's claim for a lien. The material was furnished under separate and distinct contracts. The lumber which was contracted for in the year 1891 was all furnished prior to October 12, 1892. This action was commenced January 16, 1895. All items furnished under the original contract are barred by the statute of limitations. Phillips, Mechanics' Liens, section 324. It is said, however, that the lumber was furnished under a general contract to supply whatever might be needed, and that the statute begins to run from the date of the last item. We do not think it was so furnished. The contracts were separate and distinct and were so treated by the parties when the notes to which we have referred were given. It is also contended that the items charged against defendants form a continuous, open, running account, and should be treated as furnished under an entire contract. We are of opinion that the account cannot be so considered, for the plain reason that the parties themselves did not so treat it. The amounts due were computed and settled from time to time, and notes representing these amounts were given by Hay. This has been held to break the continuity of the account. *Porter v. Railway Co.*, 99 Iowa, 351. And for this reason plaintiffs' position is not tenable. But we have already seen that the lumber was furnished under separate contracts, and the doctrine contended for has no application. Appellees claim that they furnished certain material during the month of October, 1892, amounting to something like nineteen dollars. In the former part of this opinion we, in effect, conceded that their claim is correct, although there is a dispute about these items. In view of

the conclusions reached on the first branch of the case, we need not consider this dispute. Appellees are not entitled to a personal judgment against A. J. Hay for the reason that they have not surrendered, nor do they offer to surrender, the notes made by him which cover the account upon which this suit is brought. For the reasons pointed out, the judgment of the district court is REVERSED.