REESE GABRIEL & COMPANY, Appellant, v. L. C. CORNELL et al., Appellees.

**MECHANICS' LIEN:** Right to Lien—Contract with Owner—Im-
1   provement on Wife's Property. The lands of a wife and the building erected thereon cannot be made subject to a mechanics' lien when the building was erected under a contract between the husband and the principal contractor and was the husband's own enterprise and on his own account.

**MECHANICS' LIEN:** Right to Lien—Contract with Owner—Hus-
2   band as Agent for Wife. Evidence reviewed and *held* insufficient to show that a husband, in contracting for improvements on the wife's land, was acting as agent for the wife.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

SATURDAY, NOVEMBER 27, 1915.

ACTION for lumber furnished by plaintiff, and to establish a mechanics' lien against Lot 35 in Block 35 of Stewart's Addition to Des Moines, resulted in judgment, as prayed, against the defendants, L. C. Cornell and R. W. Griffin, and the denial of relief against Addie Belle Cornell and the premises. Plaintiff appeals.—*Affirmed.*

*Stewart & Hextell,* for appellant.

*T. L. Sellers,* for appellees.

LADD, J.—Mrs. Cornell owned Lot 35 in Block 35 of Stewart's Addition to Des Moines. Her husband, L. C.

Cornell, concluded to erect a new house thereon and entered into a contract with Griffin and one Johnson, by the terms of which they agreed to do the labor and furnish the material in constructing the new house, and he was to give them the old house and pay them $800. The price of an extra was fixed at $25. Griffin assumed the contract, constructed the house thereunder, and was paid the price in full by L. C. Cornell. Griffin failed to pay plaintiff a balance of $191.15 on lumber bought of it by Griffin and used in the construction of the house. Within 30 days after the last item, plaintiff filed a mechanics' lien against the premises. The only issue is whether this may be enforced against the lot and building erected thereon. This necessarily depends on whether Cornell, in what he did, acted as agent of Mrs. Cornell, the lot owner. Griffin testified that, when Cornell was negotiating with him concerning the job, his wife inquired if the new house could be built for $800 and the old house, to which he had responded in the affirmative; that at one time, when out of patience with her husband, she declared that she would not live in the house. Griffin supposed the property was in Cornell's name, and so informed plaintiff. While the work was being done, she lived with her husband in a tent in the back yard, and with him frequently looked through the house, as the work progressed. At his instance, she selected the doors. She became impatient for its completion. But she paid nothing on the contract. All the money was furnished by her husband. Cornell testified that he thought:

1. MECHANICS'
LIEN: right to
lien: contract
with owner;
improvement on
wife's property.

"The old house was getting rotten and shaky and I told her I would build the house over for her. She said she was not in good health at the time and said I had better let it go. She said I did not have the means to do it and we will let it go for awhile. She was talking of having an operation performed about that time, but she did not have to have the operation performed at that time so I went ahead

with the job. She had nothing to do with the contract; she had no control over the contract; she never asked any questions about it. Q. "Did you ever bother her whatever with the contract or with the terms of it?" A. "I did not."

He testified further that he acted independently of his wife; that he told her he was going to build and talked with her about the size of the house; that she did not object to the old house going into it; that she thought he was unable to build, but that he went ahead. This was corroborated by the testimony of Mrs. Cornell, who added: "Mr. Cornell bosses things, or tries to and pretty near does it. I did not have anything to do with the kind or size of house and Mr. Cornell would not let me have anything to do with it if I wanted to. . . . Mr. Cornell was not acting under my direction in any manner." She did not remember asking Griffin the price at which he could build the house and "did not have any control over the contract". On cross-examination:

"I permitted Mr. Cornell to go ahead and make a contract for the house and the building of the new the way I wanted it, but he paid for it with his own money." Q. "You let him go ahead and take charge of the affairs?" A. "He built it for me." Q. "He used your old house in building it?" A. "Yes, sir. I did not think that we could afford a new house at that time, but I supposed if Mr. Cornell was willing to build it, I was willing to accept it, and if he was not, I could not very well make him do it. He had general management of the place and built the house and I lived in the back of it. He was the one who attended to getting the insurance and he looks after the painting of the house whenever it needs it and sometimes he furnished the paint and I do it myself." Q. "Any repair about the house or yard or rebuilding it and anything you leave to him, he does it, is not that true?" A. "Yes. I thought that was what a man was to do."

Such is the evidence on which the denial of equitable relief against the premises was based. As there were no

representations by either Cornell or his wife as to the owner-
ship of the lot, the case is not within the rule of *Bartlett v.
Mahlum,* 88 Iowa 329, and she is not estopped from asserting
her ownership. Nor does the evidence warrant the conclusion
that the improvement was being made by both as a common
enterprise, as in *Rand v. Parker,* 73 Iowa 396. The contract
was his; he alone was to pay the price agreed upon; and, in so
far as appears, he exercised sole control in dealing with the
contractor. At most, she gave permission to the construction
of the house and the use of the old house therein by him on her
lot. This did not involve her as a partner or otherwise as

2. MECHANICS'
LIEN: right to
lien: contract
with owner:
husband as
agent for wife.

a party to the contract. Nor do we think the
evidence such as to warrant the inference that,
in contracting in his own name, Cornell was
really acting for his wife. He appears to have
represented her in some matters, as in painting, repairing,
procuring insurance and looking after the yard; but the evi-
dence discloses that the erection of the house was an enterprise
of his own and that he entered into the contract on his own
account. Though agent for his wife, this did not prevent him
from making an agreement with the contractor for himself,
nor the contractor from so dealing with him; and if this
happened, he might donate whatever he there acquired to his
wife, if so disposed. In other words, if Cornell contracted in
his own behalf for the erection of the house and the contractor
dealt with him with that understanding, Mrs. Cornell, the
owner of the realty on which the house was erected, is not
thereby rendered liable to the contractor or subcontractors,
even though he might have bound her by contract in her be-
half had he been so disposed, or even though she may have
contributed something thereto, as the old house, toward the
enterprise.

The case differs from those relied on by appellant. In
*Miller v. Hollingsworth,* 36 Iowa 163, the wife was, in effect,
alleged to have known that the lumber was being purchased
of plaintiff therein to improve her land, without being paid

for. In *Wheeler Lumber, Bridge and Supply Company v. White*, 164 Iowa 495, the contract was made with the wife's approval, and she knew of it and knew of the claims of the various materialmen; and her liability was sought to be defeated on the ground that she had stated she would expend only $3,510 in the construction of the dwelling, whereas the cost exceeded that amount, and she had acknowledged her liability for extras in excess thereof. In *Frank v. Hollands*, 81 Iowa 164, the wife agreed with the materialman's agent to having the lightning rods placed on the buildings. Each of these cases is clearly distinguishable from the case at bar; for here, the wife had no knowledge of the purchase of plaintiff nor that this was being done without paying therefor. Nor was she to pay anything on the contract, nor had she entered into any agreement with the contractor. The facts are more like those in *McLaren v. Hall*, 26 Iowa 297, where the wife made suggestions as to how things should be done, urged the completion of the work, the husband stopped the work while he could consult his wife and she observed it while in progress. These circumstances were held not to establish his agency for her. In *Miller v. Hollingsworth*, 33 Iowa 224, mere knowledge that the husband intended building a house on her land if he could get the lumber was adjudged insufficient to establish agency. A like holding appears in *Price v. Seydel*, 46 Iowa 696. *Getty v. Tramel*, 67 Iowa 288, was much like the case at bar, as appears from the opinion:

"He did not claim to act as his wife's agent, nor does there appear to have been any supposition on the part of plaintiffs that the defendant Cynthia owned the land upon which the lumber was to be used. She, though confined to her house by sickness, had some knowledge that the lumber was being hauled, and used in the erection of an addition to the barn, but disapproved of it, and so expressed herself to her husband, believing that their circumstances were not such as to justify the improvement. We know of no rule by which a

wife's premises can be charged with a lien for improvements erected thereon by an improvident husband against her protest.''

The difference is that here the wife permitted the construction of the house, but this was with the understanding that her husband was to do this on his own account and pay therefor. The circumstances rebut any inference that he was to or did act as her agent, and of course this is not to be drawn from the mere relationship of husband and wife. It follows that there was no contract with the owner, such as is exacted by Sec. 3089 of the Code as a basis for a lien, and the decree of the trial court is—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.