LANE-MOORE LUMBER COMPANY, Appellee, v. JOHN D. KLOPPENBURG, SR., Appellant, et al., Appellees.

**MECHANICS' LIENS:** Right to Lien—Improvements by Tenant. A
1  mechanic's lien may not be decreed on the *land* of a landlord for improvements erected on the land by the tenant with the knowledge of the landlord, the tenant having reserved in the lease the right to remove, at the end of the term, all improvements erected by him. (See Book of Anno., Vol. 1, Sec. 10271, Anno. 41 *et seq.*)

**MECHANICS' LIENS:** Enforcement—Removal of Building. A me-
2  chanic's lien is properly decreed against an improvement erected by a tenant on leased ground when the tenant and his lessor have mutually contracted that the tenant might, at the end of the term, remove all improvements placed on the property by the tenant; and this is true even though the removal cannot be made without damage to the premises.

Headnote 1:  40 C. J. p. 105.  Headnote 2:  40 C. J. pp. 105, 107, 276.

Headnote 2:  62 L. R. A. 369; 18 R. C. L. 887.

*Appeal from O'Brien District Court.*—B. F. BUTLER, Judge.

OCTOBER 25, 1927.

Action to foreclose mechanics' liens for labor and material

furnished John D. Kloppenburg, Jr. John D. Kloppenburg, Sr., disclaimed any interest in the building, but pleaded ownership of the real estate. Judgment was for plaintiff. John D. Kloppenburg, Sr., appeals.—*Modified and affirmed.*

*Heald, Cook & Heald,* for appellant.

*Henderson & Jones,* for Lane-Moore Lumber Company, appellee.

*O. H. Montzheimer,* for Byer, Guenther, Horst, and Stoterau, appellees.

*Buck & Kirkpatrick,* for Leach & Thompson Company, appellee.

*Heald, Cook & Heald,* for John D. Kloppenburg, Jr., appellee.

KINDIG, J.—This is an equitable action originally to foreclose a lien growing out of material furnished said John D. Kloppenburg, Jr., by the Lane-Moore Lumber Company, appellee, to build a house on a lot in Hartley, Iowa.

1. MECHANICS' LIENS: right to lien: improvements by tenant.

George T. Byer, A. H. Guenther, O. E. Horst, Leach & Thompson Company, and Herman D. Stoterau intervened, asserting other liens on said property for material supplied or labor performed in said construction. Appellant, in answer, claimed ownership of the real estate, denied that he directly or indirectly contracted the indebtedness, and for further defense alleged that, previous to the transactions here involved, he orally leased said property, for an indefinite period, to his son, John D. Kloppenburg, Jr., at an annual rental of $50, with the express understanding and agreement that any improvements placed upon said premises could be removed by the lessee at the end of the term. The junior Kloppenburg admitted ownership of the house and the existence of said liens thereon, but denied ownership of the ground plot, declaring his interest therein to be that of lessee only, with the right to take therefrom any improvements thereupon constructed. No controversy exists between the lien holders as to priority of rights or the amount and extent of their demands. All agreed that the district court was right in its findings in this regard. That court

established said liens upon the house, and the ground as well. For this alleged error, the appeal is taken by Kloppenburg, Sr.

I. Determination of the dispute involves a construction of the laws relating to mechanics' liens, with special reference to a definition of "owner," as therein used. Section 10270 of the Code of 1924 provides, in reference to such "liens:"

"For the purpose of this chapter: 1. 'Owner' shall include every person for whose use or benefit any building, erection, or other improvement is made, having the capacity to contract, including guardians. * * *"

Insistence is made that the quoted provisions include within their terms the status occupied by appellant in the case at bar. Further study of the problem at this point necessitates a recitation of the material facts.

Previous to November 13, 1922, the younger Kloppenburg owned the real property, and on that date executed, with his wife, a warranty deed conveying same to his father, in return for a consideration of $540. On November 14th of that year, the instrument was recorded. Approximately two years later, contract was let for the labor and material in litigation. It is not contended that the elder Kloppenburg agreed to pay plaintiff, appellee, or interveners, appellees. Such understandings were had entirely with the younger man, and all accounts were charged to him personally. Disagreement appears as to whether or not, at the time the first material was purchased, Kloppenburg, Jr., told the representative of the Lane-Moore Lumber Company that he personally owned the lot. However, the record is plain that Kloppenburg, Sr., made no such representation at any time. True, the boy told the elder gentleman that the lumber was bought at Hartley, rather than Davenport, and during the progress of erection, the older Kloppenburg was on the place, lent some assistance to the operations, and afterward, when trouble arose over payment, made an effort at settlement; yet throughout the entire time never agreed to satisfy the debt, nor in any way led anyone to believe that he would do so, or that his property would be liable therefor.

Appellees concede that the relation of landlord alone is not sufficient to subject real estate to a lien for improvements placed thereon by a tenant merely because of notice that the better-

ments are being erected. In fact, said acknowledgment does not change the result, because the law is to a similar effect.

"* * * a mechanic's lien on the estate or property of a lessor cannot be predicated on his mere knowledge that improvements are being made by the lessee, or on his knowledge and acquiescence, permission, or failure to object." 40 Corpus Juris 105, Section 95.

Not only does that legal principle exist in foreign jurisdiction, but it has been equally well established in this state. *Oregon Lbr. Co. v. Beckleen,* 130 Iowa 42; *Ellis v. Simpson,* 199 Iowa 671; *Reese Gabriel & Co. v. Cornell,* 172 Iowa 734; *Hunt Hdw. Co. v. Herzoff,* 196 Iowa 715.

Improbability alone does not refute the existence of the contract to demise, nor does the fact that the transaction is unwise or unusual defeat it. Evidence of its being was introduced, but no rebuttal was offered. Under this state of the record, we cannot say that appellant did not prove his case. Because Kloppenburg, Jr., owed debts when he deeded said land to his father does not establish a fraudulent transaction, in the light of the consideration advanced by the purchaser. Disclosure is not made that the value received therefor by the son was not fair, reasonable, and full. Explanation is offered that said transfer took place, under the circumstances, to defraud creditors. Just as plausible, however, is the suggestion that it was the effort to procure money with which to pay the existing indebtednesses, that caused the sale. Anyway, on the one hand there is definite testimony that the incident actually occurred, while on the other there is nothing to overcome it. Sympathy alone for appellee's predicament cannot supply the deficiency.

Recovery is based upon the alleged doctrine that, where the owner of real estate makes a contract or lease which contemplates and provides for the erection of valuable improvements thereon, especially where such arrangement is made with the son or husband or other close kin, grantor or lessor subjects the land to the resultant mechanics' liens (citing as authority therefor *Webster City Steel Rad. Co. v. Chamberlin,* 137 Iowa 717; *Denniston & Partridge Co. v. Brown,* 183 Iowa 398; *Kimball Bros. Co. v. Fehleisen,* 184 Iowa 1109; *Veale Lbr. Co. v. Brown,* 197 Iowa 240; *Nunemaker v. Kulhavy,* 197 Iowa 962; *Wheeler Lbr., B. & S. Co. v. White,* 164 Iowa 495; *Estabrook v. Riley & Armin,* 81

Iowa 479; *Frank v. Hollands,* 81 Iowa 164; *Willverding v. Offi-neer,* 87 Iowa 475). A careful reading of those cases discloses the fact that they do not apply here. Generally speaking, the subjects discussed there relate to situations where a vendor sold real property to a vendee under the agreement to make improvements; a lessor leased with the understanding that the lessee should construct buildings which should remain at the end of the term, and the landlord thereby become the benefactor; transactions between the husband and wife, where the wife, by express authorization or by acquiescence, permitted labor to be performed and material furnished for improvements on her land in such a manner and way as to estop herself from afterward denying the fact; or other instances of agency, express or implied, where authorized contracts resulted. Before us there is no such situation. Representation in the nature of an agency does not appear, and proof of estoppel is lacking. Presented for review now is a simple arrangement whereby a landlord, in a lease with his tenant, permits the latter to remove any betterments or buildings placed thereon by him (the tenant). Previously, we have decided this point in *Oregon Lbr. Co. v. Beckleen,* 130 Iowa 42, where it is said:

"Here, the permission to O'Neal to build was on condition that he might remove the building, and was not based on any benefit to the landowner. It was a mere consent for the supposed advantage of the tenant, without thought of gain to the landlord. To charge the land in such a case would be equivalent to saying that a landowner may not consent to the erection of an improvement on the leased premises without rendering them liable to the payment of the cost incurred. Such, of course, is not the law."

Supporting this pronouncement, see *Hoag & Griffith v. Hay,* 103 Iowa 291; *Reese Gabriel & Co. v. Cornell,* supra; *Hunt Hdw. Co. v. Herzoff,* supra; *Ellis v. Simpson,* supra; *Cedar Rapids Sash & Door Co. v. Dubuque Realty Co.,* 195 Iowa 679; *Queal Lbr. Co. v. Lipman,* 200 Iowa 1376; *Royal Lbr. Co. v. Hoelzner,* 199 Iowa 24. Plainly, said Section 10270 is not broad enough in its far-reaching effect to constitute appellant an owner. *Oregon Lbr. Co. v. Beckleen,* supra, is controlling, and this decision is made in harmony therewith. The present owner did everything

he could do to protect the world against the fraud of the former title holder, when the deed was placed of record.

Manifestly, the district court was in error in subjecting said lot to the liens mentioned.

II. Some relief, however, can be afforded said "lien" holders. They are entitled to the improvement. Section 10275 of the Code of 1924 contains the following language:

"When the interest of such person is only a leasehold, the forfeiture of the lease for the nonpayment of rent, or for noncompliance with any of the other conditions therein, shall not forfeit or impair the mechanic's lien upon such building; but the same may be sold to satisfy such lien, and removed by the purchaser within thirty days after the sale thereof."

*Royal Lbr. Co. v. Hoelzner,* 199 Iowa 24, does not prevent this result. Kloppenburgs, in their lease, contemplated that the dwelling should be taken from the lot at any time the tenant chose. Thus the well-known rule that improvements cannot be taken away if the premises will be damaged thereby does not apply. Even though the house was modern, and was equipped with suitable foundation, pipes, sewer connections, and other conveniences, such fact does not alter this case. The lessor knew such equipment was planned, watched, and in a minor way assisted in the installation and establishment, at all times knowing the provision in the lease contract to the effect that he had consented to such removal by the lessee; and consequently in law these appellees take the place, and step into the shoes, of that grantee, and are entitled to his rights and privileges under the lease. Section 10275, supra.

2. MECHANICS' LIENS: enforcement: removal of building.

Judgment of the district court is modified to the extent that said real estate is freed from and not in any way affected by said liens, and to that degree the same is set aside; otherwise it is affirmed, and execution may issue against said improvements. One half of the costs are taxed to appellant, and one half thereof to appellees.—*Modified and affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.