JOSEPH H. BEH v. HENRY MOORE *et al.,* Appellants.

'Agister's lien: CHATTEL MORTGAGE: PRIORITY. A lien for the
1 pasturage of stock under the statute, is inferior to that of a prior
recorded mortgage, in the absence of proof that the pasturage
contract was authorized by the mortgagee.
Replevin: DEMAND. A demand is not necessary to entitle a mort-
2 gagee to maintain an action of replevin of stock detained by one
claiming possession under an agister's lien.

*Appeal from Harrison District Court.*— HON. O. D.
WHEELER, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION in replevin. Judgment as prayed, and defend-
ants appeal.— *Affirmed.*

*Cochran & Eagan,* for appellants.

*Byers & Lockwood* and *Roadifer & Arthur,* for appellee.

LADD, J.—On the 22d day of April, 1901, M. P. Harris
was indebted to the plaintiff, and, to secure the same, exe-
cuted a mortgage on the sixteen head of cattle in controversy.
During the next season, from May 4, 1902, until November
29th, these cattle were kept in the pasture of defendants, for
which Harris agreed to pay at the rate of two and a half
cents per day for each head. The only issue submitted to
the jury was whether plaintiff authorized Harris to procure
the pasturage, and that was decided in the negative. The
evidence was in conflict, the issue was fairly submitted, and
the verdict must stand.

II. Complaint is made of the refusal of the court to
instruct that if plaintiff knew the pasturage was being fur-
nished, and made no objection, this would postpone the lien

of his mortgage to that of defendants for keeping the stock. This was not error. The conflict in the authorities on this question seems to be obviated by the wording of our statute creating the agister's lien. It provides that " livery and feed stable keepers, herders, feeders and keepers of stock for hire shall have a lien on all stock and property coming into their hands, as such, for their charges and expenses of keeping, when received from the owner or any other person subject to all prior liens of record." The defendants then received the cattle with the notice imparted by the record of plaintiff's mortgage, and with the understanding that the lien for keeping would be inferior to that of the mortgage. The mortgagee had the right to assume this, and was under no obligation to give any other notice of his claim. The mortgagor retained possession, and had an interest in the property to protect, and there was nothing in the circumstances proven to indicate that the pasture was not being provided at his instance. To constitute a waiver of plaintiff's lien, it was necessary to show that the contract with defendants was authorized by the plaintiff, for surely a promise to pay cannot be inferred from mere silence when he was under no obligation to speak. *Storms v. Smith,* 137 Mass. 201. See *Wright v. Sherman,* 3 S. D. 290 (52 N. W. Rep. 1093, 17 L. R. A. 792).

III. The plaintiff alleged and the defendant denied that any demand had been made, but the court omitted to submit that issue to the jury. This was not error, for the defendants claim the right to retain possession by virtue of their agister's lien, which they insisted was superior to the lien of plaintiff's mortgage. A demand would not have terminated or affected in any way either lien. " When the property in the goods is put in issue by proper plea in bar, a demand is unnecessary, for the simple reason that the detention or taking is thereby admitted, but justified because of the ownership of the goods by the defendant." *Smith v. McLean,* 24 Iowa, 322. The application of this principle

is not limited to cases in which ownership is claimed. It is immaterial by what right the defendant retains possession, so long as it is not of such a nature as to be ended by a mere demand. By asserting such right, whether it be the title or lien entitling him to possession, he impliedly admits that he is retaining the property, not because of plaintiff's neglect to ask for it, but owing to that right.—AFFIRMED.