No. 12265

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

JACK PARKER,

Plaintiff and Appellant,

-vs-

FLOYD WEST, et al.,

Defendants and Respondents.

---

Appeal from: District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

William Dee Morris, Helena, Montana.
Withdrew from case and made no appearance.

For Respondents:

Gough, Booth, Shanahan and Johnson, Helena, Montana.
Ronald F. Waterman argued, Helena, Montana.

---

Submitted: October 26, 1972

Decided: JAN 12 1973

Filed: JAN 12 1973

*Thomas J. Kearney*
Clerk

Chief Justice James T. Harrison delivered the Opinion of the Court.

Plaintiff Jack Parker brought this action in the district court of the first judicial district, county of Lewis and Clark, against First National Bank & Trust Company of Helena, First National Bank of Great Falls, Bison Motor Company, and Dave Middlemas, sheriff of Lewis and Clark County, to recover for an alleged conversion of an automobile.

Defendant First National Bank & Trust Company moved to dismiss for failure to join indispensable parties and for failure to state a claim for relief. Before the court could rule on the motion, plaintiff amended his complaint by adding as defendants Floyd West, Donald Sibley and Russel S. Jones. The court treated the motion to dismiss as if directed to the amended complaint. It granted the motion and dismissed the complaint for failure of plaintiff to state a claim upon which relief could be granted against any party. From the order dismissing the complaint, plaintiff appeals.

The facts are fairly straightforward. Prior to May 29, 1971, plaintiff Jack Parker was approached by Donald Sibley and a discussion was had between them in relation to the repair of a 1965 Chevrolet El Camino pickup truck. Parker operates a small automotive and radiator repair shop. The El Camino, which was in need of extensive repairs, was in the possession of Sibley.

Parker repaired the pickup. However, Sibley disappeared and never returned to either pay the bill of $1,113.20 or to obtain possession of the pickup. Parker then attempted to exercise his possessory lien and foreclose under section 45-1106, R.C.M. 1947, which provides for agister's lien procedure. The sheriff of Lewis and Clark County refused to sell the pickup under the agister's lien procedure.

Meantime, Parker was approached by an agent of First National Bank & Trust Company of Helena, acting for defendant First National Bank of Great Falls. This agent declared that a security interest

existed in favor of the Great Falls bank in the name of Floyd West. A search of the records in the office of the registrar of motor vehicles in Deer Lodge revealed that defendant First National Bank of Great Falls had recorded its lien with the registrar as of June 2, 1971. Defendant Helena bank, again acting for defendant Great Falls bank, then caused the sheriff of Lewis and Clark County to forcibly take possession and dispose of the El Camino, under the Uniform Commercial Code.

Defendant Helena bank appeared and moved to dismiss for failure of plaintiff to join indispensible parties. The trial court ruled that plaintiff's cause be dismissed with prejudice without leave to amend. The basis of the court's ruling was that the record revealed plaintiff had not recorded his agister's lien; consequently, his lien did not have preference as against a recorded perfected lien filed by defendant Great Falls bank.

The first question is whether or not the plaintiff had a valid, prior agister's lien on the El Camino pickup. We find that plaintiff did not have a valid lien. Section 45-1106, R. C.M. 1947, provides:

> "Agisters' liens and liens for service -- priority. Every person who, while lawfully in possession of an article of personal property, renders any service to the owner or lawful claimant thereof by labor or skill employed for the making, repairing, protection, improvement, safekeeping, or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner or lawful claimant for such service and for material, if any, furnished in connection therewith. A ranchman, farmer, agister, herder, hotel-keeper, livery, boarding, or feed stable-keeper, to whom any horses, mules, cattle, sheep, hogs, or other stock are entrusted, and there is a contract, express or implied, for their keeping, feeding, herding, pasturing, or ranching, has a lien upon such stock for the amount due for keeping, feeding, herding, pasturing, or ranching the same, and is authorized to retain possession thereof until the sum due is paid. The lien hereby created shall not take precedence over perfected security interests under the Uniform Commercial Code-Secured Transactions, or other recorded liens on the property involved, unless within ten days from the time of receiving the property, the person desiring to assert a lien thereon shall give notice in writing to said secured party or other lien holder, stating his intention to assert a lien on said property, under the

- 3 -

terms of this act, and stating the nature and
approximate amount of the work, or feed, per-
formed or furnished or intended to be performed
or furnished therefor.

> "Such service may be made either by personal
> service or by mailing by registered mail a copy
> of said notice to the secured party or other lien
> holder at his last known post-office address.
> Said service shall be deemed complete upon the
> deposit of the notice in the post office."
> (Emphasis added).

We have emphasized the section's two important aspects.
One portion of the statute provides that the lien is properly
asserted only against the owner or lawful claimant of the property.
Thus, from the face of the statute alone, it is apparent only the
owner or lawful claimant can authorize work on personal property,
which then can be charged with a lien.

The second portion of the section, which controls in this
case, provides that to take priority over the holder of a recorded
lien, the individual asserting an agister's lien must, within
ten days of receipt of the property, assert his lien by mailing
to the recorded lien holder a statement of his intention to assert
such a lien.

Plaintiff's complaint fails to come within the provisions of
the agister's lien statute upon which he relies. Plaintiff at-
tached to his complaint as exhibits a copy of the retail install-
ment contract and title to the automobile. Neither document shows
Donald Sibley as the registered owner of the car. Both documents
demonstrate that Floyd West held undisputed title ownership of the
car. Plaintiff does not contend Sibley acted as West's agent
in authorizing repairs on the car; rather, he relies exclusively
upon Sibley's alleged ownership. Plaintiff, however, cannot refuse
to acknowledge facts which he had knowledge of, specifically,
the title ownership in West's name and the security interest of
the First National Bank of Great Falls. It is apparent that
plaintiff was aware of those interests, as it was these parties with
whom he dealt and it was these parties who were named in the agister's
lien notice. The complaint and exhibits demonstrate plaintiff's
awareness that parties other than Sibley owned the vehicle.

- 4 -

A second element required by section 45-1106, R.C.M. 1947, is that to achieve priority over a record lien holder notice of the lien must be given within ten days of when the property was received by the mechanic. Plaintiff did not follow this requirement. His complaint failed to assert that notice, as required, was ever directed to the record lien holder, First National Bank of Great Falls.

Plaintiff surely had notice of the Great Falls bank's interest in the automobile, as in the notice of the agister's lien he named that party as one of the owners of the automobile. Plaintiff cannot deny he had notice or knowledge of the bank's interest when in the notice filed in July 1971, he recognized the existence of that interest. Since plaintiff was charged with knowledge, to gain priority over the bank he had to file his notice of agister's lien and send a copy of the notice to the bank within ten days of when he obtained possession of the automobile. By the allegation in plaintiff's complaint, the date of his possession is set at May 28, 1971. Yet the complaint shows that more than ten days elapsed between the day possession was obtained and when notice of the lien was given, which was sometime after July 13, 1971.

Section 45-1106, R.C.M. 1947, specifically provides that "notice shall be given" and unless given within ten days the "lien created" does not take precedence over other recorded liens on the property involved. Failure to comply with this statutory provision results in plaintiff's lien being inferior to the lien of First National Bank of Great Falls. Thus, the bank could and did properly repossess the automobile; its agents were not liable for the repossession, and neither its action nor the action of the sheriff was conversion as to the plaintiff.

Through exhibits in his complaint, plaintiff demonstrates that on February 2, 1972, the registrar of motor vehicles had only the retail installment contract on file. It is alleged and admitted therefore that plaintiff had not at any time prior to the re-possession of the automobile, placed his agister's lien on file

- 5 -

with the registrar of motor vehicles.

Controlling is section 53-110(a), R.C.M. 1947, which in pertinent part provides:

> "No chattel mortgage, conditional sales contract, lease or <u>other lien on a motor vehicle shall be valid as against creditors, subsequent purchasers or encumbrances unless and until such</u> mortgage, conditional sales contract, lease or <u>other lien,</u> or a true copy thereof certified by a notary public <u>has been filed with the registrar of motor vehicles as hereinafter provided</u> * * *." (Emphasis added).

This statute specifically deals with the situation here. It provides that until the lien or a copy thereof has been filed with the registrar of motor vehicles, it is not valid as against creditors of the motor vehicle owner having a security interest in the automobile. As against all parties, plaintiff's lien was not valid; it was never filed with the registrar.

Plaintiff's complaint rests entirely upon the validity and priority of his lien. This Court is satisfied his lien was neither prior in time, nor fulfilled the statutory requirements of sections 45-1106 and 53-110(a), R.C.M. 1947. For this reason plaintiff's complaint must fail, and the district court's judgment is affirmed.

We also find the district court properly granted the motion to dismiss, both as to the First National Bank & Trust Company of Helena and as to all other parties. The court's action was appropriate as plaintiff's claim as to each individual party rested exclusively upon the priority and validity of his agister's lien. Once established that the lien was neither valid nor prior as to the First National Bank and Trust Company of Helena, it logically follows that the lien was likewise invalid and subsequent to the claim of any other of the named defendants.

The order of the district court is affirmed.

_____
Chief Justice

- 6 -

We Concur:

_Gene B. Daly_

_Frank I. Haswell_

_Wesley Castles_

_John Conway Harrison_

Associate Justices.