**In re Jerry Lloyd MORTENSON, Debtor.**

**Thomas M. MAHER, Trustee, Plaintiff,**

**v.**

**Mr. and Mrs. Sam MORTENSON and Patty Mortenson, Defendants.**

**Bankruptcy No. 383–00021.**
**Adv. No. 383–0039.**

United States Bankruptcy Court, D. South Dakota.

Aug. 31, 1984.

Richard L. Bode, Maher, Bastian & Bode, Pierre, S.D., for plaintiff.

A.N. Buckmeier, Bormann, Buckmeier & Bormann, Mobridge, S.D., for defendants.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for Dewey County State Bank.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

There is an adage in the legal business that once a case gets convoluted, it continues that way and probably gets worse. The above-entitled case certainly falls within that category.

Somehow, the Court finds itself in the position of deciding the validity, priority, and extent of two competing liens when neither party has filed a complaint to commence such an action. *See* Bankr.R.P. 7001(2). In fact, one of the parties, the Dewey County State Bank (bank), never has been an official party to the original turnover action, although its counsel observed that trial and has since understandably opposed Mr. and Mrs. Mortenson's motion for priority of agisters' lien, which somehow was allowed to be filed in the turnover adversary file. Doubtless, the improper filing is a major source of the current confusion.

The bank questions the priority and the extent of the Mortensons' agisters' lien, not the fact that they have one. It is axiomatic that, because the bank was not an official party to the turnover action, the amount of the Mortensons' agisters' lien may be collaterally attacked in a later proceeding. This is especially true in this case where the trial record was so confusing that the parties to the turnover action eventually stipulated to a settlement.

The Mortensons will soon be required to file a proof of claim indicating that they are secured by virtue of an agisters' lien. The proof of claim will be allowed as filed unless a party in interest makes a timely objection. 11 U.S.C. § 502(a) and (b). The bank is certainly free to object to the Mortensons' claim. If the bank prefers, it may instead file an action to determine the validity, priority, and extent of liens. The Mortensons' motion for priority of agisters' lien will be heard at the same time as any hearing scheduled by the bank on its complaint or motion.

Because the parties have argued the priority issue via memorandums of law, and there being no material facts in dispute, the Court will address that issue in the context of joint motions for summary judgment. *Trnka v. Elanco Products Co.,* 709 F.2d 1223, 1225 (8th Cir.1983).

S.D.C.L. § 57A-9-104(c) (1980) provides that chapter 57A-9 does not apply to "a lien given by statute or other rule of law for services or materials except as provided in § 57A-9-310 on priority of such liens." S.D.C.L. § 57A-9-310 (1980) addresses the priority between chapter 57A-9 interests and liens arising by operation of law and reads as follows:

> When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.

S.D.C.L. § 40–27–1 (1977) provides for an agister's lien with the following language:

> Any person to whom any domesticated animal shall be entrusted by the owner thereof or pursuant to his authority for the purpose of feeding, herding, pasturing, or ranging shall have a lien thereon for the amount that may.be due for such service and supplies except as otherwise provided in § 40–27–2. Such lien shall entitle the person to retain possession of such domesticated animals until the amount due is paid.

Applying the priority rule enunciated in S.D.C.L. § 57A–9–310 (1980), it is obvious that S.D.C.L. § 40–27–1 (1977) does not expressly provide that an agister's lien is secondary to a perfected Article 9 security interest, and, thus, the Mortensons' agisters' lien has priority over the bank's perfected security interest. The Court finds no merit in the pre-Uniform Commercial Code South Dakota cases or the cases interpreting other states' laws cited by the bank which hold to the contrary.

Based on the foregoing analysis, the Mortensons are granted summary judgment on the issue of priority. The bank, however, is not precluded from objecting to the Mortensons' claim or filing an action to determine the validity, priority, or extent of liens limited to the issue of the amount of the Mortensons' lien.

This Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52. Counsel for the bank is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law, in accordance with Bankr.R.P. 9021, to the Clerk of this Court forthwith.