**In re Jerry Lloyd MORTENSON, Debtor.**

**Thomas M. MAHER, Trustee, Plaintiff,**

**v.**

**Mr. and Mrs. Sam MORTENSON and Patty Mortenson, Defendants,**

**and**

**Dewey County Bank, Intervenor.**

**Bankruptcy No. 383–00021.
Adv. No. 383–0039.**

United States Bankruptcy Court,
D. South Dakota.

Jan. 21, 1985.

Richard L. Bode, Maher, Bastian & Bode, Pierre, S.D., for plaintiff.

A.N. Buckmeier, Bormann, Buckmeier & Bormann, Mobridge, S.D., for defendants.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D., for intervenor.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The Court's Memorandum Decision in this case issued August 31, 1984, began with the legal adage that "once a case gets convoluted, it continues that way and probably gets worse." 41 B.R. 827. This case continues to bear that out.

A hearing was held November 6, 1984, in Pierre, South Dakota, upon a motion for reconsideration by Intervenor Dewey County Bank. Upon reconsideration of all the files and pleadings herein and briefs submitted by counsel, the Court will modify its Memorandum Decision to reflect the following facts and conclusions.

S.D.C.L. § 40–27–3 requires written notice of an agister's lien before that lien can take priority over a prior perfected security interest in the subject livestock. All parties to this action agree that no such written notice was given. The issue now under reconsideration is whether actual knowledge may suffice under the statute and whether the bank had such actual knowledge of the agister's lien claimed by the Mortensons.

There are several circumstances in the law where actual knowledge might eliminate the need for formal written notice. These situations, however, are those which do not specify the form of notice to be given. The general rule is that where the form of notice is specified by statute, that form is exclusive. 58 Am.Jur.2d *Notice* §§ 22 and 23.

The general rule is justified simply from a common sense perspective in a case such as this one where the bank, in order to perfect its security interest, was required to adhere to the dictates of the Uniform Commercial Code. Certainly, to allow oral notice to suffice in creating a lien which takes priority over the bank's prior perfected security interest would abrogate the statute's intent and be contrary to the interests of justice.

The bank has cited several cases involving agister's liens in support of its position. Although the Court agrees with the Mortensons that the facts are not strictly on point, it finds them to be sufficiently analogous to lend support to the general rule. *See, Hein v. Marts,* 295 N.W.2d 167 (S.D. 1980); *Parker v. West,* 161 Mont. 170, 505 P.2d 94 (1973); *Leger Mill Company, Inc. v. Kleen-Leen,* 563 P.2d 132 (Okla.1977); *Beh v. Moore,* 124 Iowa 564, 100 N.W. 502 (1904).

Even assuming, arguendo, that actual knowledge was sufficient in this case, the facts do not appear to indicate that the bank had actual knowledge of the Mortensons' claimed agister's lien, but only that the bank knew that the debtor had orally leased pastureland from his parents, the Mortensons. The act of leasing pastureland does not automatically give rise to

an agister's lien, and the bank should not have been expected to inquire further as to the existence of an agister's lien on the basis of the lease alone.

The Memorandum Decision of August 31, 1984, will be modified to show that the Mortensons' claimed agister's lien is subordinate to the bank's prior perfected security interest in the subject livestock because they failed to give written notice as required by S.D.C.L. § 40–27–3 and that any actual knowledge the bank had of an oral lease between the debtor and his parents, the Mortensons, was insufficient notice of the claimed agister's lien under the statute.

This Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law upon reconsideration in the above-entitled matter pursuant to Bankr. R.P. 7052 and F.R.Civ.P. 52. Counsel for the intervenor is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law, in accordance with Bankr. R.P. 9021, to the Clerk of this Court forthwith.