In re Keith Lynn KLEMME, Debtor.

Keith Lynn KLEMME, Plaintiff,

v.

Leon MATTHIAS, d/b/a Matthias Arabians, Defendant.

Bankruptcy No. 97–01559S.
Adversary No. 97–9138S.

United States Bankruptcy Court,
N.D. Iowa,
Western Division.

Nov. 26, 1997.

Donald H. Molstad, Sioux City, IA, for Plaintiff.

A. Frank Baron, Sioux City, IA, for Defendant.

*ORDER RE: MOTION FOR SUMMARY JUDGMENT*

WILLIAM L. EDMONDS, Chief Judge.

The matter before the court is plaintiff's motion for summary judgment on his complaint for turnover of property of the estate. Hearing on the motion was held November 4, 1997 in Sioux City. Donald H. Molstad appeared for plaintiff Keith Klemme. A. Frank Baron appeared for defendant Leon Matthias, d/b/a Matthias Arabians.

Matthias has possession of an Arabian horse, Of Blarney Bey, owned by Klemme. Matthias took possession of the horse on or about June 6, 1995 pursuant to an agreement of that date. The agreement, titled "Show Expenses and Training Fees," is attached to Matthias's answer as Exhibit A.

Klemme filed a Chapter 13 bankruptcy petition May 21, 1997. On July 3, 1997, Klemme commenced this action to obtain turnover of the horse as property of his bankruptcy estate. Matthias answered that he has a lien under Chapter 579 of the Iowa Code, and that he is entitled to preserve and enforce the lien. Doc. 5.

On September 23, 1997, Klemme filed a motion for summary judgment on the issue whether Matthias perfected his Chapter 579 lien. Docs. 8, 9. At the hearing on the motion, Klemme argued that, as a Chapter 13 debtor-in-possession, he has the strong-arm power of the trustee under 11 U.S.C.

§ 544 to avoid such a lien if it was not perfected on the date of the bankruptcy filing. Matthias claims he has both an enforceable statutory lien under Iowa Code § 579.1 and a UCC lien perfected by possession.

## DISCUSSION

Klemme contends that Matthias has an unperfected lien because Iowa Code § 579.1 incorporates the filing requirement of Iowa Code § 579A.2(2). It is undisputed that no financing statement was filed.

Prior to 1995, § 579.1 read as follows:

Livery and feed stable keepers, herders, feeders, keepers of stock and of places for the storage of motor vehicles, boats and boat engines and boat motors shall have a lien on all property coming into their hands, as such, for their charges and the expense of keeping, but such lien shall be subject to all prior liens of record.

In 1995, the statute was amended. The lien for storage of vehicles and boats was made a separate paragraph. The paragraph granting a lien for care of stock now reads:

1. Livery and feed stable keepers, herders, feeders, or keepers of stock shall have a lien on all property coming into their hands, as such, for their charges and the expense of keeping, but such lien shall be subject to chapter 579A and all prior liens of record.

Iowa Code § 579.1, as amended by Acts 1995 (76 G.A.) ch. 59, § 1 (enacted April 24, 1995). The law as amended became effective July 1, 1995. Iowa Const. art. III, § 26; Iowa Code § 3.7(1).

The 1995 legislation also adopted new Chapter 579A, creating a lien for a "custom cattle feedlot operator." A feedlot operator has a lien on cattle while they are on his lot and for one year thereafter; the lien is further "preserved" by filing a lien statement with the Secretary of State. Iowa Code § 579A.2(2). Under the statute, "cattle" are bovine animals. Iowa Code § 579A.1(1). A "feedlot" is "a lot, yard, corral, or other area in which livestock are confined, primarily for

the purposes of feeding and growth prior to slaughter." Iowa Code § 579A.1(4), incorporating Iowa Code § 172D.1(6). The court assumes the Show Expenses and Training Fees agreement fairly describes Matthias's business, which is the care, training and showing of Arabian horses. Chapter 579A does not apply independently to Matthias.

Klemme argues that the amendment of § 579.1 requires a keeper of livestock to perfect his lien by using the filing procedure in § 579A.2(2). The court disagrees. The court assumes for argument that amended § 579.1, which became effective nearly a month after Matthias acquired possession of Klemme's horse, applies to Matthias's lien. Prior to the 1995 amendment, a livestock keeper's lien was "subject to all prior liens of record." Any such lien of record had priority over a lien for the care of stock. *Beh v. Moore,* 124 Iowa 564, 100 N.W. 502 (1904) (keeper of cattle had lien inferior to recorded mortgage). The "subject to" phrase was a rule of priority; it did not incorporate methods of perfecting other liens.

The court concludes that the phrase as amended in 1995 has the same meaning. "Prior liens of record" take precedence over a lien acquired under § 579.1. Moreover, because a feeder of cattle could now have a lien under either Chapter 579 or 579A, amended § 579.1 provides that a cattle feeder using the filing procedure in § 579A.2(2) has priority over a cattle feeder who relies solely on § 579.1. The method for acquiring a statutory lien for the care of a horse was not changed by the 1995 amendment. Because Matthias retains possession of Klemme's horse, he has a lien securing repayment of the debt for care of the animal under § 579.1.

Despite Klemme's reliance in oral argument on § 544, there is no avoidance proceeding pending in this case.[1] Because Matthias has an unavoided lien, Klemme's right to turnover is subject to providing adequate protection. 11 U.S.C. § 363(e); 5 Collier on Bankruptcy ¶ 542.02[2] at 542–11 to – 12 (15th ed. rev.1997) (discussing *United*

---

1. The Bankruptcy Appellate Panel for the Eighth Circuit has recently held that a Chapter 13 debtor does not generally have the trustee's avoid-

ance powers. *In re Merrifield,* 214 B.R. 362 (8th Cir. BAP 1997).

*States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)). Adequate protection involves issues of fact and is not a matter for summary judgment.

The only issue raised on summary judgment was the interpretation of Iowa Code § 579.1. The court concludes that Klemme's argument is incorrect and the motion should be denied. Therefore, it is unnecessary to decide Matthias's alternative argument that he has a perfected UCC lien.

IT IS ORDERED that plaintiff's motion for summary judgment is denied.